85 So.2d 131 (1956)
Henry REINHARD, Appellant,
v.
Harry K. BLISS et al., Appellees.
Supreme Court of Florida. Special Division B.
February 1, 1956.
*132 Joseph A. Wanick, Miami Beach, for appellant.
E. Paul Beatty, Miami, for appellee.
BARNS, Justice.
The appellant-plaintiff sued E. M. Weber, et al. to quiet title to lots 18, 19, and 20 of Commercial Buena Vista as per plat book 12, page 56, Dade County, and other lots. The appellee R. M. Weber answered and the chancellor entered a final decree dismissing the complaint as to R.M. Weber and plaintiff appealed and assigns the final decree as error. We conclude the decree should be affirmed.
Plaintiff deraigns his title from one Bechard who acquired a tax deed to these particular lots "less the west 13 feet" but alleges that the mesne conveyances were by deeds describing the lots fully with the foregoing quoted language omitted. The bill alleges the lots to be vacant and unimproved, and that none of the defendants are in possession. The answer of Weber asserts title to the west 13 feet of said lots and denies that title is in the plaintiff to this portion.
After the time limited for taking of testimony had expired the defendant moved "for the entry of a final decree herein upon plaintiff's bill and the defendant's answer" which we treat as a motion for decree on the pleadings authorized by the following rule:
Rule 1.11. "(c) Motion for Judgment or Decree on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial any party may move for judgment or decree on the pleadings."
The foregoing State rule was taken from Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which latter rule has been interpreted and construed as follows:
As stated in 2 Moore's Federal Practice 2269 (2d ed.) concerning a motion for judgment on the pleadings: "For the purposes of the motion, all well pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false."
A Federal Court of Appeal held:
"This is an appeal from a judgment entered upon the pleadings on a motion by the defendant, Rule 12(c), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. In considering such a motion the facts alleged by the plaintiff must be taken to be true and the inquiry is whether upon those facts plaintiff has stated a cause of action." Art Metal Const. Co. for Use of McCloskey & Co., Inc., v. Lehigh Structural Steel Co., 3 Cir., 116 F.2d 57, 58 (per Circuit Judge Goodrich).
A test of the merits of defendant's motion heard wholly on the pleading under our rule 1.11(c) supra and under 12(c), F.R.Civ.P. is the same as a motion by a defendant for a summary judgment heard wholly on the pleadings either under Rule 56(b), F.R.Civ.P., or the State rule 1.36(b).
"The motion was based `upon the pleadings,' without supporting affidavits, but supporting affidavits are not necessarily required under Rule 56(b). See Reynolds v. Needle, 77 U.S.App. D.C. 53, 132 F.2d 161. It would seem that the defendant might appropriately have moved for judgment on the pleadings under Rule 12(c), F.R.C.P. But since the moving party need not cite by their respective numbers the rules relied on when those rules are clearly indicated, Galdi v. Jones, 2 Cir., 141 F.2d 984, 992, the motion may properly be treated as attacking the complaint *133 for failure to state a claim upon which relief can be granted." Dunn v. J.P. Stevens & Co., 3 Cir., 192 F.2d 854, 855.
Upon a hearing on defendant's motion for judgment on the pleadings after the defendant has answered, matters outside the pleadings may not be presented under Rule 1.11(c), supra as permitted by further provisions of the Federal Rule 12(c).
In passing on such motion made by defendant all well pleaded material allegations of the complaint and all fair inferences to be drawn therefrom must be taken as true and the inquiry is whether the plaintiff has stated a cause of action by his complaint. The test we apply in this instance is the same as if defendant has made a motion to dismiss the complaint for "failure to state a cause of action" under State rule 1.11(b) (6). The allegations of the defendant's answer are of no avail to him at a hearing on defendant's motion for decree on the pleadings.
Applying the foregoing principles to the case at hand, it appears from the allegations of the complaint that he is entitled to no relief against the defendants, Weber, as to the "west 13 feet" of said lots since the complaint fails to show that he has title thereto, and in the absence of other facts the bill affirmatively shows that the plaintiff-appellant does not have title thereto.
The appellant has argued the point as to the right of R.M. Weber to answer, but the chancellor was never called on to rule on this point and therefore the point was not saved for review. The appellant went to final hearing on the motion of R.M. Weber without objection, insofar as the record shows. We indulge in no presumption of a prejudicial procedural irregularity in this respect.
Affirmed.
DREW, C.J., O'CONNELL, J., and CRAWFORD, Associate Justice, concur.