113 So.2d 263 (1959)
Irene E. CASTNER, Appellant,
v.
H.U. ZIEMER, Appellee.
No. 917.
District Court of Appeal of Florida. Second District.
June 24, 1959.
*264 Adair, Ulmer, Murchison, Kent & Ashby, W. Sperry Lee, Jacksonville, for appellant.
Holland, Bevis, McRae & Smith, William A. McRae, Jr., Wofford H. Stidham, Bartow, for appellee.
ALLEN, Judge.
This is an appeal from the final judgment entered the 18th day of September, 1958, in favor of the defendant below on a motion made by the plaintiff for judgment on the pleadings. The final judgment held that the defendant was entitled to a judgment as a matter of law and that at the time of the institution of the present suit the defendant was entitled to possession of the property.
Plaintiff brought an action of replevin for a 1956 Plymouth automobile, basing her right to the possession of this automobile on a title certificate issued to her by the Motor Vehicle Commissioner of Florida. The defendant, in his answer, admitted that he had possession of the automobile in question but alleged that he is a bona fide purchaser for value of the automobile.
It appears from the pleadings that plaintiff and/or T.J. Kennedy, her son, was the "registered owner" of the auto in August, 1957; that plaintiff entrusted the auto to one James C. Sullivan to sell. Defendant further alleged in his answer filed on June 5th and as supplemented on June 19th, that Sullivan proceeded to sell the auto and that it was purchased by Memorial Motors of Waycross, Georgia; Memorial Motors, through the Thomasville Auto Auction, sold the auto to Joe Saunders on September 12, 1957; that Joe Saunders sold the auto through the St. Pete Auto Auction on February 4, 1958, to Towne Motors of Tampa; that Towne Motors sold the auto to defendant on April 12, 1958, and thus defendant is a bona fide purchaser for value of this auto.
The defendant filed certain interrogatories on May 28, 1958, answers to which were filed by plaintiff on June 9, 1958, and also on June 9, 1958, plaintiff filed a motion for judgment on the pleadings. The defendant then filed supplemental interrogatories on June 19, 1958, answers to which were filed by plaintiff on July 9, 1958.
A hearing was had on plaintiff's motion for judgment on the pleadings and the lower court entered a final judgment for the defendant against the plaintiff on September 18, 1958. This appeal is taken from that final judgment.
*265 No motion was filed by the defendant for a judgment on the pleadings or for a summary judgment. The appellant assigns as error the failure of the court to grant plaintiff's motion for a judgment on the pleadings and second, the error of the court in granting a final judgment for the defendant on the plaintiff's motion for judgment on the pleadings. This court is of the opinion that the lower court was correct in failing to grant plaintiff's motion for a judgment on the pleadings, but we are of the opinion that the court was in error procedurally in granting a judgment for the defendant based on the belief that he was authorized to consider matters outside the pleadings on the motion of the plaintiff for a judgment on the pleadings. After the appeal was taken by the plaintiff, the defendant moved the court to add to the record on appeal the interrogatories filed by the defendant to the plaintiff and answers of the same by the plaintiff. The circuit judge ordered, over the objections of the plaintiff, that the interrogatories and answers should be included in the record, the court stating in its order:
"* * * it appearing to the court that unless said motion is granted, the record to be transmitted to the Court of Appeal will not contain a complete record of all proceedings in the lower court material to points presented for decision in the Court of Appeal, inasmuch as this court considered the interrogatories which defendant seeks to include in the record on appeal, in entering its judgment for the defendant * * *."
It is apparent in this case that the lower court, in deciding this case in favor of the defendant, went outside of the pleadings, which were properly before him, in determining this case.
Rule 1.11(c), Florida Rules of Civil Procedure, 30 F.S.A., provides:
"Motion for Judgment or Decree on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial any party may move for judgment or decree on the pleadings."
The appellee contends that the entry of a final judgment for the non-moving party is proper under the ruling of Carpineta v. Shields, Fla. 1954, 70 So.2d 573. The holding of the Carpineta case is that where one party has moved for a summary judgment, the court, in the absence of a timely and meritorious objection, can dispose of the whole matter by granting a judgment to either party if it finds that facts, as properly construed against prevailing party, show that such prevailing party is entitled to summary final judgment as a matter of law, even though it may be better practice to file a cross-motion. Although this principle is applicable to summary judgments, we cannot hold that it would be applicable to a motion for judgment on the pleadings pursuant to Florida Rules of Civil Procedure, Rule 1.11(c).
Florida Rule 1.36, concerning summary judgments, is the same as Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., with reference to summary judgments, but Florida Rule 1.11(c) is different from Rule 12(c) of the Federal Rules.
Rule 12(c) of the Federal Rules of Civil Procedure provides:
"Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The matter italicized is not included in the Florida Rule 1.11(c), Florida Rules of Civil *266 Procedure. Since our rules were patterned after the Federal Rules, it must be concluded that the omission of this permissive provision of the rule was intentional by the draftsmen of our rules.
In 2 Moore's Federal Practice, 2d Ed. at page 2269, we find the following discussion of the scope of this motion:
"Under the orthodox rule, a motion for judgment on the pleadings must be sustained by the undisputed facts appearing in all the pleadings, supplemented by any facts of which the court will take judicial notice. For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not deemed admitted. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment. Hence a defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under Rule 8(d) these allegations are deemed denied; nor may defendant move on the basis of an insufficient denial of the allegations of his answer in plaintiff's reply, where the reply was not required or ordered by the Court. Plaintiff may not move for judgment on the pleadings where the answer raises issues of fact which if proved would defeat recovery. The contention that `when both parties move for judgment, it becomes a question of law to be decided on the facts on file' has been rejected."
The above quote was addressed to Federal Rules of Civil Procedure, Rules 12(c) and 8(d), 28 U.S.C.A., which correspond to Florida Rules of Civil Procedure, Rules 1.11(c) and 1.8(e) respectively.
The distinctive difference between our rule and the federal rule, as pointed out by the Florida Supreme Court in Reinhard v. Bliss, Fla. 1956, 85 So.2d 131, 133, is:
"Upon a hearing on defendant's motion for judgment on the pleadings after the defendant has answered, matters outside the pleadings may not be presented under Rule 1.11(c), supra as permitted by further provisions of the Federal Rule 12(c).
"In passing on such motion made by defendant all well pleaded material allegations of the complaint and all fair inferences to be drawn therefrom must be taken as true and the inquiry is whether the plaintiff has stated a cause of action by his complaint. The test we apply in this instance is the same as if defendant has made a motion to dismiss the complaint for `failure to state a cause of action' under State rule 1.11(b) (6). The allegations of the defendant's answer are of no avail to him at a hearing on defendant's motion for decree on the pleadings."
Thus, in the instant case, the issue should be decided on the pleadings alone and not on the interrogatories or other evidence. The lower court, on a denial of plaintiff's motion for a judgment on the pleadings, should continue the proceedings to their evidentiary phase at which time the interrogatories, answers and other evidence could properly be considered.
The lower court is reversed for further proceedings not inconsistent with this opinion.
KANNER, C.J., and SHANNON, J., concur.