115 So.2d 433 (1959)
George B. STORER, Appellant,
v.
FLORIDA SPORTSERVICE, INC., and Sidney Salomon, Jr., and Elliott Stein, Appellees.
No. 59-1.
District Court of Appeal of Florida. Third District.
November 5, 1959.
Rehearing Denied November 27, 1959.
*434 Scott, McCarthy, Preston, Steel & Gilleland and Jerry B. Crockett, Miami, for appellant.
Aronovitz, Aronovitz & Haverfield, and Richard H. Hunt, Miami, for appellees.
CARROLL, CHAS., Judge.
The appellant, who was the plaintiff in a suit for declaratory decree in the circuit court in Dade County, has appealed from an adverse final decree.
The determinative question is whether the decree was proper and justified, on defendants' motions for judgment on the pleadings.
The allegations and prayer of the amended complaint, or petition as it was styled, for declaratory decree, filed September 16, 1958, were as follows:
"1. Plaintiff is a resident of Dade County, Florida and Florida Sportservice, Inc. is a Florida corporation with its principal place of business in Dade County, Florida. The contracts sought to be construed herein were executed in Dade County, Florida.
"2. On June 22, 1949 the agreement appended hereto as Exhibit A[1] was entered into between defendant Florida Sportservice, Inc., Magic City Baseball Club, Inc., and Miami Stadium, Inc., hereinafter referred to as `1949 concession agreement.' *435 Said agreement governed the relationship between the Magic City Baseball Club, Inc., Miami Stadium, Inc., and the defendant Florida Sportservice, Inc., relating to concessions operated at Miami Stadium to and including September 30, 1959.
"3. In accordance with a lease executed on January 26, 1956 between the City of Miami and the Miami Baseball Company, a Florida corporation, the Miami Baseball Company commenced operating under the terms of the 1949 concession agreement. Defendant Salomon was the president of the Miami Baseball Company at the time Miami Baseball Company assumed the obligations of the 1949 concession agreement.
"4. At some time thereafter, defendant Salomon and Florida Sportservice, Inc. signed the agreement bearing date of February 28, 1956 and attached hereto as Exhibit B,[2] hereinafter referred to as the `1956 concession agreement.' The agreement purports to have been executed on behalf of Miami Baseball Company. However, the agreement was not authorized by the Board of Directors, and was, in fact, executed without the authority of Miami Baseball Company. The 1956 concession agreement purported to bind the Miami Baseball Company to a term of twenty years and was in other respects more onerous to the Miami Baseball Company.
"5. Plaintiff George B. Storer purchased all the stock of the Miami Baseball Company in 1956. In order to induce plaintiff Storer to purchase such stock, the defendants Salomon and Stein executed an indemnification agreement, attached as Exhibit C, the pertinent portion of which reads as follows:
"`[E] That the Sellers have disclosed to Buyer all material matters which will affect the Corporation's financial standing, whether favorable or adverse, including working agreements, concession contracts, lease agreement with City of Miami, a Florida municipal corporation, franchise agreements, player contracts, option contracts with players, etc.
"`2. Sellers represent unto and covenant and agree with Buyer that the Corporation has no liabilities of any kind accruing or to accrue by reason of any transactions had or liabilities incurred by the Corporation except player contracts and agreements that are not reflected by the statement of the Corporation's financial position as of December 3, 1956, subject to confirmation by audit of Ring Mahony & Arner, Certified Public Accountants.'"
In truth and in fact, defendants Salomon and Stein did not disclose to plaintiff the 1956 concession agreement.
"6. After the sale of all of the stock of the Miami Baseball Company to the plaintiff, the Miami Baseball Company had no knowledge of the 1956 concession agreement, and both it and defendant Florida Sportservice, Inc., operated under the 1949 concession agreement until the time of the dissolution of the Miami Baseball Company in 1957.
"7. By virtue of dissolution of the Miami Baseball Company on May 31, 1957, plaintiff is now the owner of the baseball club formerly operated by the Miami Baseball Company.
*436 "8. At the time plaintiff purchased all of the outstanding stock of the Miami Baseball Company in December 1956, there was no disclosure made to him regarding the 1956 concession agreement and it was represented to him that the 1949 concession agreement was the only agreement extant governing the concession relationship. Plaintiff further alleges that there was no mention whatever of the 1956 concession agreement in any of the records of the corporation, that it is not mentioned in the minute book of the corporation, and that there was no resolution by the Board of Directors authorizing the execution of such an agreement.
"9. Plaintiff further alleges that at the time he became the individual owner of the Baseball Club formerly owned by the Miami Baseball Company, he had no notice or knowledge of the 1956 concession agreement. Plaintiff in no way assumed or ratified the 1956 concession agreement, and in fact rejected and repudiated it immediately upon learning of its existence.
"10. The defendant, Florida Sportservice, Inc., contends that the 1956 concession agreement is valid, and binds the plaintiff personally. By reason of the fact that the plaintiff has never agreed to become bound by the 1956 concession agreement, plaintiff is in doubt as to whether the contract binds him personally, and does not know which of the two concession agreements he must operate under.
"11. The defendants, Salomon & Stein, contend that the 1956 concession agreement was disclosed to the plaintiff at the time of the aforementioned sale of the stock of the Miami Baseball Club to the plaintiff, and that the indemnity agreement attached hereto as Exhibit C does not impose on them the duty to discharge and release the plaintiff from any liability under the 1956 agreement. By reason of defendants, Salomon & Stein's contention, the plaintiff is in doubt as to his rights under Exhibit C attached hereto.
"Wherefore, plaintiff prays:
"1. That this court take jurisdiction of the subject matter and the parties.
"2. That the court determine whether the plaintiff is bound by the 1949 concession agreement or the 1956 concession agreement.
"3. That in the event this court determines the 1956 concession agreement to be valid and binding on the plaintiff, the court determine the rights of the plaintiff under the indemnity agreement executed by defendants, Salomon & Stein, that they be afforded an opportunity to defend against the 1956 concession agreement, and that in the event they do not discharge and release the plaintiff from any and all liability under the 1956 concession agreement, that this court declare defendants Salomon & Stein responsible for damage caused the plaintiff by reason of their failure to disclose the 1956 concession agreement.
"4. That this court order such other relief as it deems just and proper."
The defendants filed motions to dismiss the plaintiff's amended petition for declaratory decree, and the cause was noticed for hearing on those motions. The ensuing decree recited that the parties stipulated "in open court that the said motions [to dismiss] be treated as motions for decree on the pleadings." The declaratory decree which was entered held:
"1. That the 1956 concession agreement referred to as Exhibit B in the amended petition is valid and binding on the plaintiff, George B. Storer and defendant Florida Sportservice, Inc.
"2. That enforcement of the unambiguous indemnity agreement is not a proper subject matter for these proceedings, and this decree is entered without prejudice to the plaintiff's right to institute an action for damages on any alleged violation or breach of said indemnity agreement in any court of competent jurisdiction. This action is therefore dismissed as to the defendants *437 Sidney Salomon, Jr., and Elliott Stein."
The provision of the decree dismissing Salomon and Stein for the reasons stated by the chancellor, and without prejudice to plaintiff-appellant Storer to proceed against them upon the indemnity agreement by separate suit, is affirmed. However, the provision of the decree holding the 1956 concession contract to be valid and binding on Storer and Florida Sportservice, Inc., must be reversed.
Although a discovery deposition and answers to certain interrogatories were on file when the matter was heard, they were not properly before the court for consideration on the hearing on motion for decree on the pleadings. See Reinhard v. Bliss, Fla. 1956, 85 So.2d 131, 133; Castner v. Ziemer, Fla.App. 1959, 113 So.2d 263. The court had before it the amended petition for declaratory decree with copies of the three agreements attached as exhibits, and the defendants' motions to dismiss.
According to the applicable rule of procedure, a motion for judgment on the pleadings is designed for use before trial, but after the cause is at issue. The rule, which is 1.11(c) of 1954 Florida Rules of Civil Procedure, 30 F.S.A., provides:
"Motion for Judgment or Decree on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial any party may move for judgment or decree on the pleadings."
In Paradise Pools, Inc. v. Genauer, Fla. App. 1958, 104 So.2d 860, 861, this court pointed out that in a hearing on such a motion the facts shown by the pleadings control, and in determining such facts "all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false." Also, that "judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment." See, also, 25 Fla.Jur., Pleadings § 129.
Here the procedure of motion for judgment or decree on the pleadings was employed before issue, with the result that the defendants' pleadings consisted only of their motions to dismiss challenging the sufficiency of the complaint. There were no material factual allegations alleged in favor of the movants. The facts thus were limited to those which appeared as the well pleaded material allegations of the amended petition for declaratory decree. Included were the allegations that the making of the 1956 concession agreement was not authorized by the corporation Miami Baseball Company; that Storer had acquired the stock of that corporation, dissolved the corporation and succeeded to the ownership thereof, without knowledge of the 1956 concession agreement and without approving or ratifying it; that it had been represented to him that no such agreement existed and that the books of the corporation contained no record thereof, or evidence of authorization.
The chancellor proceeded to determine the effect of the several agreements on the parties thereto by reference to the face of the agreements, saying, "That the 1949 and 1956 concession agreements being valid on their face, the plaintiff and defendant Florida Sportservice, Inc., are bound by the terms and conditions of the provisions thereof; the 1956 concession agreement clearly supersedes and replaces the 1949 concession agreement between the same parties." While that may have been a correct interpretation of the agreements and their intent when looked to by themselves, in making that finding it appears that the learned chancellor failed to give the required effect to the fact (established by the allegations of the amended petition, for the purpose of the motions for decree on the pleadings), that the 1956 agreement was unauthorized and invalid.
The operation of rule 1.11(c) F.R.C.P., on the hearing on motions for decree *438 on the pleadings, required the court to accept as true the allegations of the amended petition for declaratory decree that the 1956 concession agreement was made by an officer of the corporation, Miami Baseball Company, without authority, and there was no basis upon which the chancellor could hold that the 1956 agreement was valid and binding on Storer and Florida Sportservice, Inc. See 19 C.J.S. Corporations § 994. Therefore, the defendants' motions for decree on the pleadings should have been denied. Falick v. Sun N Sea, Inc., Fla. 1955, 81 So.2d 749; Castner v. Ziemer, supra, Fla.App. 1959, 113 So.2d 263.
There remains for consideration the question of whether denial of the defendants' motions for decree on the pleadings should include denial of the motions to dismiss. This concerns only the defendant Florida Sportservice, Inc., as the other defendants, Salomon and Stein, sought and obtained their dismissal from the cause. The motions for decree on the pleadings also served to test the sufficiency of the amended petition for declaratory decree. See Reinhard v. Bliss, supra; Falick v. Sun N Sea, Inc., supra.
In his petition for declaratory decree under chapter 87, Fla. Stat., F.S.A., the plaintiff-appellant asserted a doubt as to his rights and obligations, particularly under the 1956 concession contract, not because of any uncertainty or ambiguity appearing on the face of the agreement, but in view of certain facts, bearing on the validity of the contract, which he alleged. Cf. Halpert v. Oleksy, Fla. 1953, 65 So.2d 762, 763. Here Storer was operating a business which, according to his allegations, he understood was subject to a concession contract made in 1949, to run until September 30, 1959. He then learns of another concession contract given out by the corporation whose stock he has since bought and the terms of which he finds onerous. He alleges facts concerning the execution of the latter contract on which he relies to establish its invalidity, and seeks a declaratory decree to determine his rights and obligations thereunder in the circumstances involved. The showing was sufficient to invoke the statute for declaratory decree. See James v. Golson, Fla. 1957, 92 So.2d 180. Upon remand of the cause the motions to dismiss should be denied and the defendant remaining should be allowed to answer the amended petition for declaratory decree.
The decree appealed from is affirmed in part and reversed in part, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part, and reversed in part and remanded.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] By the agreement of June 22, 1949, the stadium owner, Miami Stadium, Inc., for a percentage consideration payable only to it, granted the concessions to Florida Sportservice, Inc., for ten years, to end September 30, 1959.
[2] In the agreement of February 28, 1956, between Miami Baseball Company and Florida Sportservice, Inc., it was shown by recitations that the baseball company had acquired a lease on the stadium, subject to the June 22, 1949, concession agreement held by Florida Sportservice, Inc., and also had acquired an International League baseball franchise. It was agreed therein that the rights of Florida Sportservice, Inc., to the concessions as granted to it under the 1949 agreement would be extended for five years (from September 30, 1959), with the option and privilege of three five-year renewals. The agreement contained numerous obligations and duties imposed on each party with reference to the subject matter, and it provided for a percentage compensation or rental to be paid to Miami Baseball Company.