KANNER, Judge
(concurring specially).
I concur in the judgment of reversal, but I desire to base this concurrence on the statement set forth below.
The plaintiff’s cause of action is founded upon a promissory note; while the defense rests upon a time limitation within which an action should be brought, invoked under Articles 179 and 185 of the French Commercial Code pursuant to authority of section 95.10, Florida Statutes, F.S.A. The essence of the defense is that the action by the plaintiff is barred by limitations for the reason that no cause of action was filed within a period of three years from the date of maturity of the promissory note. The provisions of the French Code relied upon indicate that an action upon a promissory note is limited to three years beginning with the date of maturity.
The defense of statute of limitations is an affirmative one. Rule 1.8(d), Florida Rules of Civil Procedure. According to Rule 1.8(e), Florida Rules of Civil Procedure, averments in a pleading to which no responsive pleading is required or permitted are deemed denied or avoided. No response was filed to the limitation defense by the plaintiff. Consequently, the facts pleaded to support this defense were deemed denied.
Defendant filed a motion for judgment on the pleadings. The trial judge entered a final judgment for the defendant on this motion, consequent upon the defense of statute of limitations. The defendant had filed through permission of the court, as a support of this defense as provided by the French code, a statement under oath, denying liability. It was upon the pleadings of the parties, together with this affidavit, that the trial judge rendered the judgment favorable to the defendant.
There is no contention that the complaint fails to state a cause of action; therefore, proceeding upon the premise that the complaint stated a good cause of action, the facts constituting the affirmative defense must be deemed to have been denied. With the burden of proof resting on the defendant as to the affirmative defense, under the state of the record, necessarily proof was required. Therefore, judgment on the pleadings-should not have been entered for the defendant. The case of Falick v. Sun N Sea, Inc.,. Fla.1955, 81 So.2d 749, appears to be determinative of the question. See also Paradise Pools, Inc. v. Genauer, Fla.App.1958, 104 So.2d 860.
Another reason exists for reversal. Under our state Rule 1.11(c), Florida Rules of Civil Procedure, unlike Rule 12(c), Federal1 Rules of Civil Procedure, 28 U.S.C.A., a motion for judgment on the pleadings contemplates that matters outside the pleadings may not be presented. Reinhard v. Bliss, Fla. 1956, 85 So.2d 131. Thus our rule does not authorize the court to entertain matters outside the pleadings and thereby determine a motion for judgment on the pleadings as if it were a motion for summary judgment, as is permitted by the federal rule. However, in the present case this was done when the court, by a preliminary order, authorized' the defendant to aver under oath non-liability as allowed by the French Commercial Code. Pursuant to the court’s order the plaintiff requested this information, and a statement under oath outside of the pleadings was furnished by the defendant and considered by the court; and it was upon this affidavit of denial of liability, in addition to the pleadings, that the court made its *61 determination. The action of the court was beyond the scope of the motion before it and was unauthorized in our procedure. See Castner v. Ziemer, Fla.App.19S9, 113 So.2d 263.
Upon these bases, I concur in reversal of the judgment.
ALLEN, C. J., concurs.