HORTON, Judge.
This is an appeal from an order granting a judgment on the pleadings in an action instituted by the appellant for the recoupment from several corporate appellees of certain costs expended by the appellant in the defense of a patent infringement suit.
It was alleged in the complaint that the corporate appellees had agreed with the appellant that all would share proportionately the cost and expenses of defending the *560 patent infringement suit filed or about to be filed in the federal district court. The complaint was amended to bring in an additional defendant and answers were filed to the complaint and amended complaint, which in the main constituted general denials, except for the answer of the appellee Aluminum Hardware Corporation which set forth an affirmative defense of the statute of limitations.
Although the appellant assigns as error the trial court’s denial of its motion for partial summary judgment on liability, nevertheless the main thrust of its argument on appeal is that the trial court was in error in granting a final judgment on the pleadings in favor of the appellees Construction Products and Aluminum Hardware. We are in accord with the appellant’s contention that it was error to grant the final judgment on the pleadings and reverse.
At the time of the entry of the judgment on the pleadings, the cause was at issue and ready for trial upon the complaint as amended, alleging a contractual obligation on the part of the corporate appellees to pay proportionate shares of the cost of defending a patent infringement suit, general denials and the affirmative defense of the statute of limitations. Since the judgment was entered under the provisions of Rule 1.11(c), Florida Rules of Civil Procedure, 30 F.S.A., the court was without authority to consider matters outside of the pleadings. Since the appellees Construction Products and Aluminum Hardware were the movants for a judgment on the pleadings, the well pleaded material allegations of the complaint are required to be taken as true, whereas allegations of appellees’ answers are of no- avail to them. The inquiry then is whether the complaint states a cause of action. A judgment on the pleadings is usually granted only if, on the facts as admitted, the moving party is clearly entitled to a judgment. See Reinhard v. Bliss, Fla. 1956, 85 So.2d 131; Storer v. Florida Sportservice, Inc., Fla.App.1959, 115 So.2d 433. Therefore, as neither the main issues raised by complaint nor those in the affirmative defense demonstrated a right in the movants to a judgment as a matter of law, it was error for the trial judge to grant the motion.
We have considered the appellant’s contention that the partial summary judgment as to liability should have been rendered in its favor and find same to be without merit. Accordingly, the judgment appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.