PER CURIAM.
Appellant, who was defendant and coun-terclaimant in the trial court, has appealed a summary judgment entered in favor of appellee who was plaintiff and counter-defendant. It is contended that the pleadings, affidavits, answers to interrogatories, and depositions on file in the cause create genuine issues of material facts, and the trial court erred by resolving the conflicts in the evidence, judging the credibility of the witnesses and on the basis of that consideration determining that no genuine issue of fact existed, thereby entitling appellee to judgment as a matter of law.
By his amended counterclaim appellant alleges that appellee corporation, by its officers and employees, while acting within the scope of their authority and in furtherance of the business of the corporation, wrongfully and maliciously intending to injure counterclaimant, his good name and reputation, did falsely, maliciously and wickedly publish verbally of and concerning him to various good and worthy citizens the following false, malicious, and defamatory words and matters of and concerning coun-terclaimant, to wit:
“Jessee Lane has taken advantage of his position of trust with the Grand Lodge and has swindled from the jurisdiction a lease for one (1) year by paying the sum of $120.00 to Mr. Fred Alexander, who had no authority to issue a lease to Mr. Lane. Mr. Lane secured this lease without consulting any member of the Trustee Board, and that the members of the Trustee Board had no knowledge of the secret agreement between Mr. Lane and Mr. Fred Alexander.”
The gravamen of the action alleged in the counterclaim is malicious slander for which counterclaimant seeks damages.
In one of the interrogatories propounded by appellee to appellant, the latter was requested to give the name and address of the officers or employees of the appellee corporation who made the statement alleged in the complaint and quoted above. In response to this interrogatory appellant answered in writing, giving the name of one of the officers of appellee corporation, together with the names and addresses of those persons who were present and heard the statement as well as the date and place where the statement was made.
The foregoing is only one of the items of evidence which was before the trial court at the hearing on appellee’s motion for summary judgment. Standing alone this interrogatory appears to be sufficient support for the allegations of the complaint and refutes the averments of the affidavits filed by counter-defendant in support of its motion in which it is denied that any officer of the corporation made the slanderous statements complained. Having concluded from the record in this case that there exists a genuine issue of material fact which should be resolved only on a trial of the cause, it is our view that the court erred in entering the summary judgment appealed.[1] The *62 judgment is accordingly reversed and the ■cause remanded for further proceedings.
CARROLL, DONALD K, Acting C. J., and WIGGINTON and RAWLS, JJ., concur.

. Rule 1.36, Florida Rules of Civil Procedure, 30 F.S.A.; Baskin v. Griffith, (Fla.App.1961) 127 So.2d 467, 473-474.