207 So.2d 73 (1968)
Robert R. BUTTS, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Reserve Insurance Company, Appellees.
No. 67-158.
District Court of Appeal of Florida. Third District.
February 20, 1968.
Thomas J. Gaine, Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for State Farm.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for Reserve.
Before PEARSON, HENDRY and SWANN, JJ.
HENDRY, Judge.
Appellant, who was plaintiff below, filed his complaint against the defendants, State Farm Mutual Automobile Insurance Company and Reserve Insurance Company, based upon separate contracts of casualty insurance, *74 each containing "Uninsured Automobile" or "Family Protection" provisions. The defendant, State Farm, was granted judgment on the pleadings, and the defendant, Reserve, was granted summary final judgment. Appellant seeks review of both orders of the lower court.
The facts are substantially as alleged in the complaint. On October 8, 1966, the plaintiff, Robert R. Butts, was driving an automobile owned by his father, Bernard H. Butts, when he was forced off the road and into a utility pole by a hit and run driver. At the time of the accident, Bernard H. Butts was the owner of an insurance policy which was an automobile casualty policy issued to him by the defendant, State Farm Mutual. Under the heading "Insuring Agreement III  Uninsured Automobile Coverage," the policy provided, inter alia:
"Coverage U  Damages for Bodily Injury Caused by Uninsured Automobiles.
"To pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *.
* * * * * *
"Insured  The unqualified word `insured' means
"(1) the first person named in the declarations and while residents of his household, his spouse and the relatives of either;
"(2) any other person while occupying an insured automobile; * * *."
Appended to the State Farm Mutual policy was a "Driver Exclusion Endorsement" which reads as follows:
"In consideration of the premium at which the policy is written it is agreed that the Company shall not be liable and no liability or obligation of any kind shall attach to the Company for losses or damage sustained while any automobile insured hereunder is driven or operated by Robert Butts, Jr. Nothing herein contained shall be held to alter, vary, waive or extend any of the terms, conditions, agreements or limitations of the undermentioned policy other than as hereinabove stated."
The plaintiff was the owner of a separate casualty insurance policy issued to him by defendant, Reserve Insurance Company, covering plaintiff's 1963 Vespa Motor Scooter. It is insisted on behalf of Reserve that this policy is unique and distinguishable when compared with common automobile casualty policies; therefore, in the interest of accuracy, we here set out the provisions of the Reserve policy entitled "Part IV  Family Protection Coverage":
"Coverage C  Family Protection (Damages for Bodily Injury): To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile or motorcycle because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile or motorcycle: * * *
* * * * * *
"`Uninsured, automobile or motorcycle' includes a trailer of any type and means:
"(a) * * *
"(b) a hit-and-run automobile or motorcycle, * * *
* * * * * *
"`Hit-and-run automobile or motorcycle' means an automobile or motorcycle which causes bodily injury to an insured arising out of physical contact of such automobile or motorcycle with the insured or with a motorcycle which the *75 insured is occupying at the time of the accident. * * *"
Plaintiff gave the requisite notice of the accident and filed claims under the policies with State Farm Mutual and Reserve. Both companies denied coverage, whereupon plaintiff brought suit for declaratory decree. State Farm Mutual and Reserve were granted judgment on the pleadings and summary judgment respectively. Plaintiff now appeals these orders, as well as an order denying plaintiff's own motion for judgment on the pleadings.
We deal first with the contention that it was error on the part of the lower court to grant judgment on the pleadings in favor of State Farm Mutual. The law in Florida is well settled regarding judgment on the pleadings pursuant to Rule 1.140(c), Florida Rules of Civil Procedure, 30 F.S.A. [formerly Rule 1.11(c)]. Upon a hearing on defendant's motion for a judgment on the pleadings, after defendant has answered, matters outside the pleadings may not be considered. Reinhard v. Bliss, Fla. 1956, 85 So.2d 131; Storer v. Florida Sportservice, Inc., Fla.App. 1959, 115 So.2d 433; Castner v. Ziemer, Fla.App. 1959, 113 So.2d 263. In considering such a motion, all material allegations of the opposing party's pleading are taken as true, and all of the movant's allegations which have been denied are taken as false. Since the answer requires no responsive pleading, all allegations contained therein are deemed denied. Miller v. Eatmon, Fla.App. 1965, 177 So.2d 523; Greater Miami Telephone Answering Service v. A-1 Answering Service, Fla.App. 1962, 141 So.2d 619; Storer v. Florida Sportservice, Inc., supra; Paradise Pools, Inc. v. Genauer, Fla.App. 1958, 104 So.2d 860. The test to be applied in this instance is the same as if defendant were to have moved to dismiss the complaint for failure to state a cause of action. Reinhard v. Bliss, supra. The question before us on this point, then, is whether the complaint states a cause of action against State Farm Mutual. A thorough examination of the complaint, including the policy of insurance which was made a part thereof as an exhibit, leads us to conclude that the allegations contained therein are sufficient to state a cause of action, and that therefore, the judgment on the pleadings must be reversed.
Our decision is based primarily upon the recent case of Travelers Indemnity Company v. Powell, Fla.App. 1968, 206 So.2d 244 (opinion filed January 18, 1968). It should be noted that the above cited opinion was filed subsequent to the lower court's determination of this case. The Powell case dealt with the Florida Uninsured Motorist Statute, § 627.0851, Fla. Stat., F.S.A., as it affected the following policy clause:
"Exclusions:
"This policy does not apply under Part IV:
"(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile."
The First District Court of Appeal held that such clause was invalid because contrary to the intent of the statute, stating:
"The Powells contend, and we agree, that the exclusion clause here is an invalid restriction because it is not the intent of the statute to limit coverage to an insured by specifying his location or the particular vehicle he is occupying at the time of injury. The statute states its purpose thusly:
"`* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. * * *'"
* * * * * *
"The coupling of uninsured motorist coverage with family protection coverage in an automobile liability policy has made each member of a family an insured under each such policy purchased by any family *76 member. Complications arise when there are several members of a family, each owning an automobile, each purchasing a separate policy, and each being an insured under all policies. Since it has been decided in Sellers (Sellers v. United States Fidelity & Guaranty Co., Fla. 1966, 185 So.2d 689) that an insurance company could not limit its liability under the statute by a `set-off,' an `excess insurance,' or `other insurance' provision, such provisions being void as contrary to public policy, the question now before us is whether an insurance company can accomplish the same result with a nonliability clause although there has been no rejection of coverage by the insured. That is, can the company nullify its statutory liability by an exclusion clause specifying that it will not be liable if the insureds are riding in an automoble owned by one but insured by another company? We conclude that there is no difference in the exclusion clause here under consideration and `set-off' provisions or `other insurance' provisions. Both are more restrictive than the terms of the statute. If one is void, so is the other.'
We are of the opinion that the "Driver Exclusion Endorsement" appended to the State Farm policy is just such an exclusionary clause, and as such, is void as "more restrictive" than the terms of § 627.0851, Fla. Stat., supra, for the purposes of uninsured motorist or family protection coverage. The driver exclusion endorsement is not an attempt to exclude Robert Butts from the definition of "insured", since it is uncontested that he would be covered if he were a passenger in the automobile being driven by Bernard H. Butts, the named insured. The endorsement must then be a nonliability clause aimed at narrowing the company's obligations under the policy. Travelers Indemnity Company v. Powell, supra, stands for the proposition that, as regards uninsured motorist or family protection coverage, this can not be done. It must be made clear, however, that we do not pass upon the effect of these driver exclusion endorsements upon policy provisions other than uninsured motorist or family protection clauses, as such issues are not here before us.
We consider now appellant's second contention, that the lower court erred in granting summary judgment in favor of the appellee, Reserve Insurance Company. In this regard, we find that the Reserve policy issued to appellant falls within the purview of § 627.0851, Fla. Stat., supra, as a policy "covering liability arising out of the ownership, maintenance, or use of any motor vehicle". This leads to the inescapable conclusion that the case of Travelers Indemnity Company v. Powell, supra, is equally dispositive of this issue. At the risk of being repetitious, we again quote from the Powell case, supra,
"* * * [I]t is not the intent of the statute to limit coverage to an insured by specifying his location or the particular vehicle he is occupying at the time of injury."
Therefore, the order of the lower court granting summary final judgment in favor of Reserve Insurance Company must be reversed.
In view of the above, we deem it unnecessary to discuss appellant's further contentions.
Reversed.