BARNS, PAUL D., Associate Judge.
This is an appeal by the plaintiffs from a final judgment in their favor against the defendant. On a motion for judgment on the pleadings, the defendant, bailee for hire, moved for and obtained final judgment in favor of the plaintiffs for $500.00, on plaintiffs’ claim against it for $16,000.00, which judgment is res judicata of plaintiffs’ $16,000.00 claim. This judgment was based on the complaint, defendant’s answer, and an admission of liability of $500.00. The plaintiffs’ claim was based on defendant’s liability to the bailor for hire, of a tractor, which tractor was totally destroyed as the result of a collision. We reverse.
Plaintiffs’ action is in assumpsit. The complaint alleges that the defendant, Florida Tallow Corporation, was a bailee for hire of a motor vehicle (a tractor) from the Plaintiff, Deatrick Leasing Corporation, as bailor. During the bailment, the tractor was destroyed by reason of a collision. Aetna Casualty and Surety Company became subrogated to the bailor’s claim against the bailee defendant by reason of an indemnity insurance contract between it and the bailor. The loss paid was for the total loss of the tractor, $16,000.00, the alleged value of the tractor. The complaint alleges that the loss was the result of the negligence of Charles Eugene Grim when he was driving the tractor with the knowledge and consent of the defendant on a public highway in Georgia.
The defendant’s answer to count one admitted “a lease of a tractor from Dea-trick Leasing Corporation on or about August 26, 1966”, but denies all other allegations. The defendant’s motion for judgment (in reverse) sought and obtained a final judgment against it for $500.00 on plaintiffs’ claim for $16,000.00, based on the rental contract containing the following:
“B. I do not want full collision coverage protection, and accept full responsibility for all damage to rented truck up to $200.00, excluding tractor, trailer, and refrigerated unit up to $500.00.”
The foregoing language was in the plaintiffs’ printed form evidencing the rental contract, except that the figures in the form were changed from “$100.00” to “$200.00”, and the figures “$250.00” were changed to “$500.00”. Pargaraph “A” *244 just preceding the above quoted paragraph “B” provided for “full collision coverage”, but was crossed out.
It is a clear inference that the quoted language related to the bailor-plaintiff procuring property damage indemnity insurance against loss covering the bailor’s rented tractor; this indemnity insurance was to be for the benefit of the bailee. This conclusion is supported by the provisions of paragraph 7(c) of the rental contract. The bailor had an insurable interest, as did the bailee, and the cost of which was doubtless adjusted by the rental rate to be paid by the bailee-renter.
Paragraph 7(c) of the rental contract ties in precisely with the limitation under the Collision Protection Section, which has been amended to Two Hundred Dollars ($200.00) and Five Hundred Dollars ($500.00) rather than the figures as stated.
Paragraph 7(c) states:
“7. RENTER expressly agrees to indemnify the OWNER for: c. Loss of or damage to the VEHICLE during the rental period provided, however, that if the OWNER be satisfied that such damages were not the result of RENTER’S negligence, or violation of any terms hereof RENTER’S liability shall be limited to $100 for a straight truck and $250 for each tractor, trailer or refrigerated unit.”
Rule 1.140(c), Rules of Civil Procedure, 30 F.S.A., is taken from the first sentence of Rule 12(c), Federal Rules of Civil Procedure and provides:
“(c) Motion for Judgment on the Pleadings.
“After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.”
As stated in Reinhard v. Bliss, Fla.1956, 85 So.2d 131:
“In passing on such motion made by defendant all well pleaded material allegations of the complaint and all fair inferences to be drawn therefrom must be taken as true and the inquiry is whether the plaintiff has stated a cause of action by his complaint. The test we apply in this instance is the same as if defendant has made a motion to dismiss the complaint for ‘failure to state a cause of action’ under State rule 1.11(b) (6). The allegations of the defendant’s answer are of no avail to him at a hearing on defendant’s motion for decree on the pleadings.”
This holding is as stated in Moore’s Federal Practice, 2nd Ed., § 12.15 (1968). The complaint does not fail to state a cause of action. Hence, it was error to enter a final judgment for $500.00 on plaintiffs’ claim for $16,000.00 based on defendant’s admission of liability for $500.00.
The plaintiffs have assigned as error the entry of the final judgment, which we sustain. Assignment of Error No. 2, directed to an order dated October 7, 1968, as to Count 3 of the complaint, and an assignment of error No. 3, directed at an order on discovery, dated October 23, 1968, have not been argued. Hence, they have been abandoned. It is further noted that appellants’ attorney has failed and neglected to state, in his brief with the point argued, the assignment of error relied on for reversal.
The judgment appealed from is reversed.