HENDRY, Judge.
Appellant-plaintiff, National Council of Young Israel, entered into a deposit receipt contract to purchase certain realty from appellee-defendants, the Costas. As a part of such contract, the parties executed an “Option to Purchase Agreement”; its alleged breach is the subject of this appeal.
The point appealed is whether the lower court erred in dismissing plaintiff’s complaints, and in entering final judgment in favor of the defendants upon the basis of the defendants’ motion for judgment on the pleadings. In more specific terms, where plaintiff alleged the existence of a written option, the oral modification thereof, supported by a writing signed by the party to be charged, plaintiff’s compliance with the terms and conditions of that amended option, the exercise of that option within the time prescribed in the amended option, and the refusal of the defendants to close the transaction, is such sufficient to state a cause of action and withstand a motion for judgment on the pleadings at the close of the pleadings? We are of the view that the allegations stated a cause of action and that the entry of judgment on the pleadings was error.
A general discussion of the Florida law respecting judgments on the pleadings appears in Butts v. State Farm Mutual Automobile Insurance Co., Fla.App.1968, 207 So.2d 73.
At issue in the lower court was whether the clause dealing with the option to purchase and the clause dealing with extention of • agreements were separate and distinct agreements, although contained in the same document. The lower court evidently concluded that the amendment of May 1, 1967, to the document entitled “Option to Purchase Agreement” only involved the “option to purchase” clause and not the “ex-tention of agreements” clause. A determination that the amendment only affected the “option to purchase” clause would preclude the plaintiff from stating a cause of action, for the option contract would have elapsed before the plaintiff’s exercise of the option under its original terms. However, such a conclusion should be reached upon the basis of proof, and the exhibits appended to the pleadings here are insufficient upon which to base such a conclusion, particularly where the crux of the suit is the terms of the parties’ amendment to the original document. See: 4 Williston on Contracts, § 595, pp. 224-230 and § 597, pp. 252-253 (3d ed.).
Reversed.