HENDRY, Judge.
This is an appeal by plaintiff-appellant London Distributing Company (“London”) . from a final judgment entered on the pleadings in favor of defendant-appellee Alfred J. Bastone (“Bastone”). The pleadings are a second amended complaint and an answer consisting of a general denial and an affirmative defense of payment. See Rule 1.140, Florida Rules of Civil Procedure, 30 F.S.A.
The parties dispute which one of them is the surety and which is the principal debt- or, as respects their signatures on a negotiable promissory note governed by Florida’s Uniform Commercial Code. London urges that it accommodated Bastone individually, but Bastone asserts he accommodated London. We set out pertinent portions of London’s second amended complaint in a footnote.[1] The note was' attached as an exhibit to the complaint.
*552 The general rules governing appeals from judgments on the pleadings are set out in Butts v. State Farm Mutual Automobile Insurance Company, Fla.App. 1968, 207 So.2d 73. As that case indicated, a judgment for the defendant on the pleadings is proper where the complaint is legally insufficient to state a cause of action.
It is our view that each count of plaintiff’s second amended complaint is sufficient to state a cause of action, and therefore it was error to enter judgment on the pleadings.
We need not detail the reasoning or quote from provisions of Florida’s Uniform Commercial Code respecting the rights and liabilities of accommodation makers and endorsers. The following example from 1 Hawkland, Transactional Guide to the Uniform Commercial Code, § 2.2102, p. 564 (1964), closely resembles the allegations of plaintiff’s complaint:
“The principal is bound to reimburse the surety if the latter satisfies the principal obligation or any part of it. This right of reimbursement gives the accommodation party an opportunity to proceed on the instrument against the principal debtor, even though such proceedings run counter to the normal currents of liability on commercial paper. Thus, a maker-accommodation party may proceed on the instrument against an indorser if the indorser is the principal debtor (‘accommodated party’). An example of this situation would be where the payee lends money to A, M signs the note as a maker to accommodate A, and A signs it as an indorser. The payee can treat M as a maker and compel him to pay the instrument when it comes due. Thereafter, M can recover (reimburse himself) by suing A on the note.
“Similarly, M can subrogate to payee’s position and hold A. * * *” (Emphasis added).
Plaintiff, as his second point on appeal, asserts that the parties entered into an independent indemnification agreement, which he asserts is independently actionable. We agree. According to Simpson on Suretyship, § 48, p. 244 (1950), the general rule is:
“Upon payment the surety has the right to be reimbursed by his principal, and may recover in an action for money paid to the principal’s use or on a promise implied in fact * * * [T]he surety’s right to repayment as a present cause of action against his principal does not arise until after the surety has paid the creditor. A surety who became obligated without the consent of the principal would have no right in contract; if he has any right to reimbursement at all it must be upon the theory of unjust enrichment.”
It is our view that both counts of plaintiff’s second amended complaint state a cause of action. Accordingly, the judgment appealed is reversed.
Reversed.
PEARSON, C. J., concurs only in the conclusion reached.

. “4. On * * * April 18, 1966, the defendants, ALFRED ,T. BASTONE and JOSE MARTINEZ, being desirous of obtaining a loan from tlie Central Bank and Trust Company for their corporate principal, JAMES CLUB, INC., * * * in which both * * * had [a] financial interest, applied for a loan for the JAMES CLUB, INC. from the Central Bank * * * and were advised that a loan would not be granted unless both individual defendants * * * endorsed and guaranteed the loan and obtained an accommodation maker and guarantor. The * * * Central Bank * * * further advised * * * that the London Distributing Company * * * would be an acceptable accommodation maker and if said defendants were able to induce the plaintiff, LONDON DISTRIBUTING COMPANY, to make a note to the Central Bank * * * then the loan would be granted. “5. The defendants, * * * acting for themselves and as agents of * * * JAMES CLUB, INC., requested the plaintiff to execute * * * a note to the Central Bank * * *, along with * JAMES CLUB, INC., with the full understanding that the proceeds would be used 9 9 * exclusively for the benefit of JAMES CLUB, INC. and said ALFRED J. BASTONE and JOSE MARTINEZ, * [P]laintiff was a pure accommodation-maker of said note. The defendants ’* 9 * along with the corporate de- • fendant rejmesented, warranted and agreed to fully indemnify and guarantee the plaintiff from any loss in connection with the making of said note.” “8. The defendants failed to make any payments in accordance with the terms of said note to said bank and as a result thereof plaintiff paid to said bank the sum of $2,685.00 in twelve (12) monthly installments of $223.75, all in accordance with the terms of said note.”