ALLEN, Judge.
Appellants, the Mankas/E & J Enterprises, appeal from orders by which they are permanently enjoined from using the business name “DeFranco’s Italian Deli,” their counterclaim for specific performance was denied, and a judgment on the pleadings was entered against them on two other counts of their counterclaim. We affirm as to the injunction order and the denial of the counterclaim for specific performance. But we reverse as to the judgment on the pleadings, finding that the counterclaim sufficiently alleged actions for an intentional interference with a business relationship and fraudulent misrepresentation.
Appellee, DeFranco's, Inc., filed a complaint against the Suggs, the Mankas, and E & J Enterprises (a business entity with the Mankas as principals). The dispute arose after a delicatessen restaurant known as “DeFranco’s Italian Deli” was purchased by the Mankas/E & J Enterprises from the Suggs. DeFranco’s had sold the business to the Suggs pursuant to an agreement which provided for the use of *1359 the business name, but which precluded the Suggs from selling or transferring the business without DeFranco’s express written consent. DeFranco’s continued to operate another restaurant known as “DeFran-co’s Villa Napoli Italian Restaurant” in the vicinity of the delicatessan. The Mankas/E & J Enterprises counterclaimed against De-Franco’s Inc. and Samuel DeFranco, alleging in separate counts an intentional interference with a business relationship, fraudulent misrepresentation, and a claim for specific performance. The Mankas/E & J Enterprises also cross-claimed against the Suggs. The Suggs settled with DeFran-co’s and judgments were entered in favor of both DeFranco’s and E & J Enterprises on their claims against the Suggs. The court also entered an order granting a motion for judgment on the pleadings against the Mankas/E & J Enterprises on their counterclaims for intentional interference and fraudulent misrepresentation.
The case proceeded to trial upon DeFranco’s claim for an injunction and the Mankas’/E & J Enterprises’ counterclaim for specific performance. The evidence presented supports the determination below that DeFranco’s did not modify or waive the restriction on subsequent transfers in the agreement with the Suggs, and that there was no written consent for the transfer to the Mankas/E & J Enterprises as required by the agreement. We thus find that the court did not err in denying the Mankas’/E & J Enterprises’ counterclaim for specific performance, and permanently enjoining them from using the business name “DeFranco’s Italian Deli.”
However, we further find that the court should not have entered a judgment on the pleadings as to the Mankas’/E & J Enterprises’ counterclaims for intentional interference with a business relationship and fraudulent misrepresentation. In entering such a judgment the court may not consider matters outside the pleadings, and the material factual allegations of the Man-kas'/E & J Enterprises’ pleading must be accepted as true. See Krieger v. Ocean Properties, Ltd., 387 So.2d 1012 (Fla. 4th DCA 1980); Butts v. State Farm Mutual Automobile Ins. Co., 207 So.2d 73 (Fla. 3d DCA 1968). The applicable standard is whether the pleading asserts a cause of action, with factual allegations as to each necessary element. See Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), petition for review denied, 447 So.2d 887 (Fla.1984); Butts.
The necessary elements for the tort of intentional interference with a business relationship are: the existence of a business relationship with legal rights; an intentional and unjustified interference with knowledge of the relationship; and resulting damage. See Register v. Pierce, 530 So.2d 990 (Fla. 1st DCA 1988), review denied, 537 So.2d 569 (Fla.1988); Krieger. The counterclaim in the present case alleges the Mankas’/E & J Enterprises’ purchase of the delicatessen from the Suggs, and De-Franco’s interference with the “ongoing business” by “refusing to provide products” and charging “inflated and exorbitant prices for products,” as well as by “contacting customers ... and disseminating false and misleading information of a derogatory nature ... in an effort to injure and or diminish the profits.... ” Although there is no further specification as to the precise damages under this count, the quantum of damages need not be alleged and it is sufficient if the pleading indicates the nature of the damages. See A.G. Platte v. Whitfield Realty Co., Inc., 511 So.2d 720 (Fla. 1st DCA 1987). Any ambiguity could have been cured upon a motion by DeFranco’s for a more definite statement in accordance with Fla.R.Civ.P. 1.140(e). Viewing the entire counterclaim in accordance with the broad pleadings concepts in Florida as delineated in American Diversified Ins. Serv., Inc. v. Union Fidelity Life Ins. Co., 439 So.2d 904 (Fla. 2d DCA 1983) and Nizzo v. Amoco Oil Co., 333 So.2d 491 (Fla. 3d DCA 1976), the factual allegations are sufficient to assert a cause of action for intentional interference with a business relationship, so as to preclude a judgment on the pleadings.
The counterclaim also contains a count titled “deceit and misrepresentation.” *1360 Insofar as this is an assertion of actionable fraud, the necessary elements require a knowing material misrepresentation which is intended to induce reliance, and which does result in another’s detrimental reliance. See Steigman v. Danese, 502 So.2d 463 (Fla. 1st DCA), review denied, 511 So.2d 998 (Fla.1987); Lance v. Wade, 457 So.2d 1008 (Fla.1984). This action should be pleaded with such specificity as the circumstances will permit. See Steigman; Fla.R.Civ.P. 1.120(b). The counterclaim in the present case generally alleges that the Mankas/E & J Enterprises purchased the delicatessen based upon representations and warranties made by DeFranco’s, Inc. and Samuel W. DeFranco. The fraudulent misrepresentation count further alleges that DeFranco intentionally deceived and misled the Mankas/E & J Enterprises into purchasing the delicatessen by agreeing to permit the Suggs to sell, although intending to prevent the sale; by agreeing to accept payments under a new note, although intending to demand payment under the old note; and by agreeing to an assignment of the lease, although intending to refuse to permit the Mankas/E & J Enterprises to acquire any interest in the lease. While the pleading does not specify to whom these alleged misrepresentations were made, the substance and effect thereof is adequately described. Again, De-Franco’s could have sought to clarify any ambiguity by moving for a more definite statement in accordance with Fla.R.Civ.P. 1.140(e). The allegations of the counterclaim are sufficient to assert a cause of action for fraudulent misrepresentation, so as to preclude a judgment on the pleadings.
The appealed orders are reversed with regard to the judgment on the pleadings as to the Mankas’/E & J Enterprises’ counterclaims for intentional interference with a business relationship and fraudulent misrepresentation. The orders are otherwise affirmed, and the cause remanded.
ERVIN and WOLF, JJ., concur.