760 So.2d 1028 (2000)
Terry DOMRES, Appellant,
v.
Cynthia PERRIGAN, Appellee.
No. 5D99-1144.
District Court of Appeal of Florida, Fifth District.
June 16, 2000.
*1029 Rich Stringer, Sebastian, for Appellant.
No Appearance for Appellee.
W. SHARP, J.
Domres appeals from the trial court's order which granted Perrigan's motion for judgment on the pleadings. Perrigan brought a suit seeking to evict Domres from the Horseshoe Bar which was housed in premises owned by Perrigan. Domres admitted he owed past due rent but claimed he was entitled to a credit for repairs made pursuant to his lease. He also filed a three-count counterclaim against Perrigan and her father, Williams (the alleged true owner of the premises), setting out intentional interference with a business relationship, slander, and breach of contract. Because we find these issues cannot be disposed of on the basis of the pleadings, we reverse.
A judgment on the pleadings may be entered only if a party is clearly entitled to judgment as a matter of law based on the content of the pleadings. Reinhard v. Bliss, 85 So.2d 131, 133 (Fla. 1956); McKinzie v. Hollywood, Inc., 421 So.2d 606 (Fla. 4th DCA 1982). The trial judge's consideration is limited to only the pleadings. Steputat & Co., Inc. v. Bidwell, 599 So.2d 762 (Fla. 5th DCA 1992); Manka v. DeFranco's Inc., 575 So.2d 1357 (Fla. 1st DCA 1991). A motion for judgment on the pleadings is determined by the same legal test as a motion to dismiss a complaint for failure to state a cause of action. Castner v. Ziemer, 113 So.2d 263, 266 (Fla. 2d DCA 1959).
A defensive motion for judgment on the pleadings is submitted to the same legal test as a motion to dismiss. Castner. All well pled material allegations and fair inferences must be taken as true. Allegations of the other party's answer or reply are of no avail in such a motion. Manka; Castner. Interrogatories and other matters extraneous to the pleadings are not considered. Castner.
As to the status of the pleadings regarding Perrigan's right to an eviction order, Domres alleged he was operating under an extension of the lease, although the original lease had expired. This is an issue of fact not resolvable on the pleadings. Further, with regard to the amount of past due rent, Domres alleged he did not owe the full amount of rent because he was entitled to a credit for repairs made by him pursuant to his lease. Again, this is an issue of fact not resolvable on the face of the pleadings. Domres paid the disputed rent into the registry of the court for the month relevant to the court's order.
As to Domres' counterclaim, he alleged Perrigan and Williams contacted various business associates of his (beverage distributor, game machine vendor and local people) and told them he, Domres, was out of business and unable to pay his rent, and advised them to cease doing business with him. He alleged that Perrigan went to the City of St. Cloud and wrongfully represented to the city she was the owner of the Horseshoe Bar, in order to obtain an occupational license in her name. Domres further alleged the statements were untrue, told with the intent of crippling his business, preventing him from relocating, and enabling Perrigan to *1030 take over his business identity (the Horseshoe Bar). The result was to financially damage his business and erode his customer base.
As alleged, Domres sufficiently stated a cause of action of slander. Willful and malicious statements regarding a party's indebtedness or financial insolvency made with intent to injure and without regard to the truth, are actionable. See Caldwell v. Personal Finance Co., 46 So.2d 726, 727 (Fla.1950). Perrigan did not deny these allegations. She merely denied knowledge of them. Even if she had pled truth as a defense or privilege, the matters alleged still create issues of fact not resolvable on the face of the pleadings. Lane v. Most Worshipful Union Grand Lodge Free & Accepted Masons, Inc., 167 So.2d 60 (Fla. 1st DCA 1964).[1] In Collier County Pub. Co., Inc. v. Chapman, 318 So.2d 492 (Fla. 2d DCA 1975), the courts held that allegations and proof by a proprietor of a vacuum cleaner business that a newspaper printed an ad that a vacuum cleaner which retailed for $339, was worth only $133, established a slander of title cause of action where the proprietor had twice requested a correction and the newspaper failed to do so.
Further, Domres also alleged a sufficient basis for his count of intentional or tortious interference with a business relationship. A landlord may have the right and privilege to evict a lessee, but he or she has no right to attack the lessee's business by interfering with suppliers, customers or make disparaging remarks to third persons about the credit worthiness of the tenant's business. Morsani v. Major League Baseball, 663 So.2d 653 (Fla. 2d DCA 1995). Intentional interference requires allegations of both intent to damage the business relationship and lack of justification for taking such action which caused the damage. Smith v. Emery Air Freight Corp., 512 So.2d 229 (Fla. 3d DCA 1987).
Finally, Domres set forth a claim for breach of contract in his counterclaim. In sum, he claims Perrigan failed to maintain the electrical, heat, air conditioning and plumbing systems in the bar. As a result, he concludes he was damaged by excessive bills. The resolution of this issue turns on whether Domres has a valid extension of the lease, and whether Perrigan had obligations under the expired lease which were not met by the landlord for which the tenant should be compensated or receive a set off against past due rent. As noted above, on the face of the pleadings, it is not possible to make a determination of these issues.
REVERSED and REMANDED.
THOMPSON, C.J., and GRIFFIN J., concur.
NOTES
[1] In contrast, filing an affidavit for specific performance in a lawsuit does not constitute slander of title, Bonded Inv. & Realty Co. v. Waksman, 437 So.2d 162 (Fla. 2d DCA 1983) and protecting one's rights by recording a contract does not constitute slander of title. McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA 1981).