**DAISY BELLE CUNNINGHAM and EDWIN J. CUNNINGHAM, individually, v. J. J. WEATHERFORD, as Executor of the Estate of Charles S. Bolender, deceased.**

32 So. (2nd) 913                                                    June Term, 1947
December 16, 1947                                                        En Banc

*Anna A. Krivitsky* and *Mabry, Reaves, Carlton, Anderson, Fields & Ward,* for appellants.

*M. H. Jones,* for appellee.

TERRELL, J.:

Appellants sued appellee at law on the following promisory note:

"$20,000.00                                                          July 20, 1940

"*One day after date of my death* I promise to pay to *the*

*order of Daisy Belle and Edwin J. Cunningham by executor Twenty Thousand Dollars At NO INTEREST.* Value received for becoming my adopted daughter. No. _____ Due *after my death, Clarence S. (X) Bolender.* Witness to mark: A. Alderman, Witness to mark: M. M. Mills."

The amended declaration alleged that Bolender, the maker of the note, now deceased, was a man seventy-six years of age, unmarried, without family or other dependents, and lived alone, that Daisy Belle Cunningham was past the age of twenty-one years and that her name was Daisy Belle Ellis at the time the contract was executed, that Bolender proposed to her that if she would come into his home and care for him and treat him as a father, he would regard and treat her as a daughter. After conferring with her parents, and securing their consent, Daisy Belle accepted Bolender's proposition and moved into his home in July, 1938. From that time forward she lived in his home and cared for him as a daughter, served him as a housekeeper, prepared his meals, nursed him in sickness, drove his car for him and gave him every attention a daughter could give a father.

In the course of time Edwin J. Cunningham courted Daisy Belle at the home of Bolender, they became sweethearts and were married June 16, 1940, with Bolender's knowledge and consent. Soon after the marriage the note sued on was executed, when both Daisy Belle and Edwin J. Cunningham undertook the contract and continued to look after Bolender in the same manner and to the same extent that he had previously been looked after by Daisy Belle. When Bolender died in December 1942, the payees in the note presented their claim to appellee as Executor of his estate. The appellee declined to recognize their claim so this action was brought. A demurrer to the declaration was sustained on the theory, that the consideration for the note failed, that Daisy Belle Cunningham was over twenty-one years of age at the time the note was executed and could not become an adopted daughter, that the note is of a testamentary nature and that the agreement between Daisy Belle and the deceased was in violation of public policy. Final judgment was entered for defendant and plaintiffs appealed. The point for determination is whether or not

the note is enforceable against the estate of the decedent in view of the impediments raised by the demurrer.

There is no charge of fraud nor is there any assault on the negotiability or regularity of the note. The main contention of appellee is that the consideration failed and that the obligation of the note was contrary to public policy. Technically it may be admitted that the consideration, "for becoming my adopted daughter," if that were all, is insufficient to support the note, because Daisy Belle was more than twenty-one years of age when the note or contract was made. She was in other words not a child within the adoption statute. Section 72.01 et seq., Florida Statute 1941; First National Bank of St. Petersburg v. Mott, 101 Flo. 1224, 133 So. 78.

We do not think that "for becoming my adopted daughter" was the real consideration for the note. The amended declaration alleges that the real consideration was looking after the decedent's home, preparing his meals, nursing him in sickness and caring for him. It also alleges that this was done by Daisy Belle for more than two years after the agreement was made and before the note was executed, and that it was continued to the death of Bolender, more than two years after the note was executed, by Daisy Belle and her husband. We know of no better consideration for a note. If the consideration so alleged is proven, the note should be paid.

In our view this was a perfectly natural agreement for one in the position of deceased to make. Men are a bit scarce whose assets and integrity will sponsor a $20,000.00 note that another will accept without batting an eye, in return for contributing support and comfort for the balance of the maker's natural life. Contracts like this one sumewhat unorthodox and might get on the nerves of a fellow traveler with scholastic leanings, but in a democratic culture like ours they are not taboo. There is no inhibition in the law to them and when made in good faith, they should be upheld.

To rebut the contention that such agreements are contrary to public policy, it is sufficient to say this court refuses to presume that a man seventy-six years of age, without family or those dependent on him for support, would make a contract like that in question for the purpose of enticing a young

woman into his home for immoral purposes. All the circumstances point to a different conclusion and there is not a suggestion pointing to improper relations between them. The parents of the girl gave their consent to the contract and two years after it was made, her husband became a party to it and they performed it as one. We think the rule is well settled that when a contract is valid on its face, illegality is never presumed by the party pleading it has the burden of proving his plea.

The judgment appealed from is accordingly reversed with directions to reinstate the cause and if appellants' can prove the consideration alleged in their amended declaration, they should have judgment in their favor.

Reversed with directions.

THOMAS, C. J., BUFORD, CHAPMAN, ADAMS, SEBRING and BARNS, JJ., concur.