PEARSON, TILLMAN, Chief Judge.
The appellant, who was seller of a telephone answering service, appeals from a final judgment entered upon the pleadings. The appellee was the purchaser. The complaint brought by the appellant was for the balance claimed to be due on the purchase price. It appears from the complaint and exhibits that at the time of the delivery of possession of the property, a portion of the purchase price was paid to an escrow agent who subsequently embezzled the money to be used for the last payment to appellant. The appellee-purchaser admitted the payment into the hands of the escrow agent and claimed that he had thus paid in full to the agent of appellant. He thereupon moved, pursuant to Rule 1.11(c), Florida Rules of Civil Procedure, 30 F.S.A., for a judgment on the pleadings. The judgment was entered and is now appealed.
*620 In a motion for judgment on the pleadings, the moving party admits for the purpose of the motion the facts well-pleaded by his adversary despite their denial in the movant’s pleadings; and the movant also admits the untruth of his own allegations which have been denied by his adversary. Falick v. Sun N Sea, Inc., Fla.1955, 81 So.2d 749; Reinhard v. Bliss, Fla.1956, 85 So.2d 131. While the facts pleaded by defendant may have been sufficient in law to constitute a defense, these facts are deemed denied (and thus admitted as being false for purposes of the motion) since averments in a pleading to which no responsive pleading is required are taken as denied. Rule 1.8(e), 1954 Florida Rules of Civil Procedure.
Here, the issue turns on whether the escrow agent was the agent of the plaintiff-buyer or defendant-seller. Under the rule of the Falick and Reinhard cases, it does not appear from the complaint that the escrow agent was the agent of the plaintiff-seller, and thus it cannot be said as a matter of law that the complaint does not state a cause of action. We are, therefore, required to reverse this judgment. Falick v. Sun N Sea, Inc., supra, Reinhard v. Bliss, supra.
 It is to be noted that the escrow receipt which was approved by both parties sets forth that the funds were held “ * * * in accordance with the terms and conditions of the original agreement between the parties.” This original agreement was not made an exhibit. This itself would have required reversal since the escrow agreement is the primary consideration on the issue of agency, Cradock v. Cooper, Fla.App.1960, 123 So.2d 256, and in a motion for judgment on the pleadings the court may not go outside of the pleadings to determine the case, Castner v. Ziemer, Fla.App.1959, 113 So.2d 263.
For the reasons above, the judgment on the pleadings is reversed and the cause remanded for further proceedings.
Reversed and remanded.