**TURSAIR EXECUTIVE AIRCRAFT SERVICES, INC.**

v.

**UNITED STATES of America.**

**No. 65–627–Civ–Ec.**

United States District Court
S. D. Florida.
June 30, 1966.

Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., David K. Tharp, South Miami, Fla., for plaintiff.

William A. Meadows, Jr., U. S. Atty., Michael J. Osman, Asst. U. S. Atty., Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CHOATE, District Judge.

This cause came on to be heard by the Court without a jury. The Court having heard the evidence, argument of counsel, and being otherwise duly advised in the premises makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiff, Tursair Executive Aircraft Services, Inc., was engaged in business as a "fixed base" operator in the Greater Miami, Florida area, which business included the rental of aircraft to qualified members of the public.

2. On July 23, 1964 plaintiff, through an authorized agent, entered into an oral agreement for the rental of a Tursair Beechcraft Travelair, N–950–T, with Clifton Hutchison, an inspector for the Federal Aviation Agency. The aircraft was rented by Hutchison for use in the course of his employment as an F.A.A. inspector.

3. The oral agreement which Hutchison entered into with plaintiff is what is commonly referred to by the F.A.A. as an "open market" rental which simply means an aircraft rental contract entered into with any fixed base operator of the particular renter's choice rather than pursuant to a formal written contract obtained through bidding procedures.

4. Plaintiff, at the time of this rental contract carried hull insurance on the subject aircraft as do most all fixed base operators in the State of Florida, which insured the plaintiff against damage to the aircraft. This insurance coverage was subject to a $250.00 deductible.

5. It is the custom and practice in and about the State of Florida for a "fixed base" operator to include in the computation of an hourly charge for rental of an aircraft a prorata amount of the hull insurance cost he incurs and such was the case here.

6. It is also the custom and practice in and about the State of Florida for the hull insurance coverage on the aircraft to inure to the benefit of the pilot-lessee who through his own simple negligence damages the aircraft.

7. It was the intention of the parties to the rental contract in this case, relying upon the industry custom in the State of Florida, that the hull insurance coverage would inure to the benefit of the defendant in the event of damage to the aircraft due to the simple negligence of the pilot-lessee.

8. It was not intended, however, that the $250.000 deductible be borne by the plaintiff in the event of damage to the aircraft.

9. On July 23, 1964, the defendant U.S.A., through its employees Charles M. Demaree and Clifton Hutchison, both F.A.A. inspectors, negligently landed Beechcraft Travelair N–950T at Marathon Airport, Marathon, Florida. As a direct result of such negligence, the plaintiff's aircraft was damaged.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties to and the subject matter of this cause. 28 U.S.C. § 1346(b)

2. The custom and industry practices referred to above in Findings of Fact numbers 5 and 6 are incorporated and become an integral part of the contract between the parties.

3. Pursuant to said contract the defendant receives the benefit of the hull insurance coverage carried by the plaintiff, and, therefore, defendant is only obligated in this cause to the extent of $250.00.

4. The parties shall settle and submit a final judgment in accordance with these Findings within ten (10) days.