**TURSAIR EXECUTIVE AIRCRAFT SERVICES, INC., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24336.**

United States Court of Appeals Fifth Circuit.

Oct. 12, 1967.

Rehearing Denied Nov. 8, 1967.

John H. Wahl, Jr., Richard J. Thornton, Miami, Fla., Walton, Lantaff, Schroeder, Carson & Wahl and David K. Tharp, Miami, Fla., of counsel, for appellant.

Michael J. Osman, Asst. U. S. Atty., Miami, Fla., Leonard Schaitman, Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., Barefoot Sanders, Asst. Atty. Gen., William A. Meadows, Jr., U. S. Atty., for appellee.

Before TUTTLE and WISDOM, Circuit Judges, and HEEBE, District Judge.

---

1. United States v. Hoffa, 6 Cir., 349 F.2d 20, 38; Bragg v. United States, 10 Cir., 330 F.2d 44; Corbin v. United States, 10 Cir., 253 F.2d 646.

PER CURIAM:

Tursair Executive Aircraft Services, Inc., the nominal plaintiff, sues the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), to recover for damage to an aircraft negligently operated by an employee of the Federal Aviation Agency. Tursair, doing business in the Miami area of Florida, is a "fixed base" operator—a lessor of aircraft to qualified members of the public. The FAA had rented the plane from Tursair. The plane was covered by "hull" (collision) insurance issued by the Federal Insurance Company, except for a $250 deductible. The insurer paid the claim and now seeks (through Tursair) to enforce alleged subrogation rights against the United States.

The United States admits that the accident was caused by an FAA employee's negligence in landing the plane with the gears retracted. The United States contends, however, that the owner-lessor assumed the risk of damage to the aircraft, and that such assumption of risk is a trade usage prevailing in Florida. By implication, so the Government asserts, the owner-lessor's assumption of risk was a term of the oral lease agreement between Tursair and FAA.

The trial court found as a fact that:

"6. It is also the custom and practice in and about the State of Florida for the hull insurance coverage on the aircraft to inure to the benefit of the pilot-lessee who through his own simple negligence damages the aircraft.

7. It was the intention of the parties to the rental contract in this case, relying upon the industry custom in the State of Florida, that the hull insurance coverage would inure to the benefit of the defendant in the event of damage to the aircraft due to the simple negligence of the pilot-lessee.

8. It was not intended, however, that the $250.00 deductible be borne by the plaintiff in the event of damage to the aircraft."

The court concluded that:

"2. The custom and industry practices referred to above in Findings of Fact numbers 5 and 6 are incorporated and become an integral part of the contract between the parties.

3. Pursuant to said contract the defendant receives the benefit of the hull insurance coverage carried by the plaintiff, and, therefore, defendant is only obligated in this cause to the extent of $250.00."

▮▮ We have only the narrow issue whether the trial court was clearly erroneous in its finding. We hold that on the record before us, the trial court was not clearly erroneous in finding that a trade usage existed in Florida, including the Miami area, whereby a fixed base operator assumed the risk of damage to a negligently operated rented aircraft. By implication, this usage was incorporated into the "open market" rental agreement between Tursair and FAA. The subrogee, here the Federal Insurance Company, stands in the shoes of the subrogor, Tursair.

The judgment is affirmed.