HENDRY, Judge.
Appellants, who were defendants below, seek review of a final decree entered upon appellees’ motion for decree on the pleadings filed pursuant to Rule 1.11 (c), Florida Rules of Civil Procedure, 30 F.S.A., then in effect.[1] It is settled that upon such motion, all well-pleaded material allegations of the opponent’s pleading are accepted as true, whereas allegations con *252 tained in the movant’s pleading, if denied, are deemed false.[2] The court, then, is without authority to consider matters outside the pleadings.[3] Therefore, the statement of facts hereinafter set out is taken from those portions of the complaint and answer which were correctly adopted by the trial court in its order.
Connecticut General Life Insurance Company is the fee simple title holder of a parcel of real property, commonly known as the Fontainebleau Hotel, located in Dade County. The Fontainebleau Hotel Corporation is lessee of the property under a ninety-nine year lease, by which the lessee is obligated to pay the ad valorem property taxes levied upon the hotel by the Dade County Tax Authority. Upon completion of the tax rolls on June 18, 1964, the Fontainebleau Hotel property was assessed at $7,945,100.00, which value was 50% of the just valuation. Subsequently, by case decision,[4] all assessments were required to be made at 100% of just valuation, as a result of which the Fontainebleau assessment was raised to $15,890,200.00.
Thereafter, the County Commission, meeting as a Board of Equalization, without affording notice or hearing, raised the Fontainebleau assessment to $16,975,200.00. This was accomplished on October 22, 1964, the same date upon which the tax rolls were examined and certified by the County Commission pursuant to the requirements of Florida law.[5] It is admitted by the taxing authority that notice and hearing were requisite to the ordering of an increase in assessment.[6] Nevertheless, a tax bill was sent to Connecticut General, using the increased assessment as a basis.
Thereafter, the County Commission gave notice of a meeting scheduled to take place on November 17, 1964, for the purpose of hearing arguments regarding the assessments of the Fontainebleau and some twenty-four other properties similarly located and treated in a like manner as to determining valuation. Before this hearing took place, appellees filed their complaint seeking an injunction and cancellation of the increased assessment. Appellees did not attend the hearing on November 17. The County Commission then met again on November 23, for the purpose of examining and certifying a second tax roll. The second tax roll, or “supplementary tax roll” contained the previously revised assessments of the Fontainebleau and other involved property.
In granting appellee’s motion for judgment on the' pleadings, the trial court found as follows:
“2. That the attempt of the defendants acting as a Board of Equalization, to raise the 1964 assessment of the real property of the plaintiffs for tax purposes from $15,890,200.00 to $16,975,200.-00 was unauthorized and improper.”
In seeking reversal on appeal, it is appellants’ position that the actions of the County Commission in increasing the Fontainebleau assessment were not without authority, and appellants attempt to demonstrate several bases from which such authority might be derived.
The chief obstacle in the path to appellants’ goal is the proscription contained in § 193,29(5), Fla.Stat., F.S.A., which reads:
“ * * * and the County Commissioners shall not have power to change any *253 assessment after endorsement of the said assessment roll as aforesaid.”
With this legislative pronouncement in mind, let us consider appellants’ contentions.
Appellants argue initially that there is no authority for certification of partial tax rolls, and hence the certification of October 22, was a nullity. But it nevertheless follows, appellants continue, that upon certification of the final portion, the composite body is resurrected to the status of a validly certified assessment roll. However, this argument contains the seeds of its own destruction. The initial premise is valid. There is no authority for certification of a partial tax roll. This being so, why is the final certification any more valid than the first ? We are of the opinion that it is not. The statute contemplates certification of a single, complete assessment roll[7] which, once endorsed is not and can not be subject to changes in assessments at the unbridled discretion of the County Commission.[8] And, since the commission may not accomplish by indirection that which it is prohibited from doing directly, the commission may not revise assessments at will merely by withholding certification of a portion of the assessment roll until a later date. The assessment roll as certified on October 22, 1964, was complete, notwithstanding errors in amounts of individual assessments therein contained.
Secondly, appellants contend, the county commission has the power given it by § 192.21, Fla.Stat., F.S.A., to correct any errors made in the performance of its duties involving tax matters.[9] Appellants argue, by way of illustration, that had the twenty-five subject properties been unknowingly and unintentionally omitted from the tax roll of October 22, 1964, the statute would permit assessments to be levied upon those properties in the same manner in which assessments might originally have been made. It is asserted as a logical consequence that the intentional error complained of by appellees may be corrected in a like manner. We can not accept appellants’ contention in this regard.
The errors capable of correction under § 192.21, supra, are oversights of a clerical or ministerial variety, not wilful deceptions or errors in judgment. Were appellants’ contention to be upheld, no assessment could partake of the element of finality, for a board of county commissioners might undertake to revise any assessment merely by constituting itself as a board of equalization and declaring its former judgment of the value of a particular piece of property to be in error. Such procedure would clearly contravene and subvert the letter and purpose of § 193.29(5), supra.
As the basis of their third contention, appellants postulate that, had the *254 subject property been omitted entirely from the 1964 tax roll, the county would have the authority for a period of up to three years to collect back taxes pursuant to § 193.23(1), Fla.Stat., F.S.A.[10] This is indicative, appellants argue, of the power of the taxing authority to make assessments subsequent to certification of the assessment rolls. But, § 193.23(1), supra, does not confer upon the Board of County Commissioners blanket authority to alter certified assessments in derogation of the proscription against so doing contained in § 193.29(5), supra. Rather, § 193.23(1), supra, is a delegation of limited authority which is to be exercised only upon the happening of certain events clearly delineated in that section. Appellants’ third contention must be rejected for the reason that the facts occurring in the cause sub judice do not fall within the purview of the contingencies provided for in the statute.
We have examined appellants’ remaining contentions, but find them to be equally lacking in merit. As appellants have been unable to demonstrate the existence of any authority which would support the actions of the Board of Commissioners in this case, we conclude that the order of the trial court was proper, and must, therefore, affirm.
Affirmed.

. Rule 1.140(e) Florida Rules of Civil Procedure, 1967 Revision.

. Wagner v. Wagner, Fla.App.1967, 196 So.2d 453; Miller v. Eatmon, Fla.App. 1965, 177 So.2d 523.

. Adams Engineering Oo. v. Construction Products Corp., Fla.App.1963, 158 So.2d 559; Greater Miami Telephone Answering Service v. A-1 Answering Service, Fla.App.1962, 141 So.2d 619.

. McNayr v. State ex rel. Dupont Plaza Center, Inc., Fla.1964, 166 So.2d 142.

. Section 193.29, Fla.Stat., F.S.A.

. Section 193.25, Fla.Stat., F.S.A.

. Section 193.29(3), Fla.Stat., F.S.A., directs the county assessor to calculate the total amount of county taxes, “immediately after the assessment of the county has been reviewed and equalized by the county commissioners.” Section 193.29(4), Fla.Stat., F.S.A., further directs the county assessor to make copies of the roll “when thus completed” for submission to the county commission for certification.

. Section 193.29(5), Fla.Stat., F.S.A.

. Section 192.21, Fla.Stat., F.S.A., reads in part:
“No act of omission or commission on the part of any tax assessor, assistant tax assessor, tax collector, board of county commissioners, clerk of the circuit court, officer of this state or any newspaper in which any advertisement of sale may be published shall operate to defeat the payment of said taxes; but any such acts of omission or commission may be corrected at any time by the officer or party responsible for the same in like manner as is now or may hereafter be provided by law for performing such acts in the first place, and when so corrected they shall be construed as valid ab initio and shall in no way affect any process by law for the enforcement of the collection of any such tax.”

. Section 193.23(1), Fla.Stat., F.S.A., reads in part:
“When it shall appear that any ad valorem tax might have been lawfully assessed or collected upon any property in the state, but that such tax was not lawfully assessed or levied, and has not been collected for any year within a period of three years next preceding the year in which it is ascertained that such tax has not been assessed, or levied, or collected, then the officers authorized shall make the assessment of taxes upon such property in addition to the assessment of such property for the current year, and shall assess the same separately for such property as may have escaped taxation at and upon the basis of valuation applied to such property for the year or years in which it escaped taxation, noting distinctly the year when such property escaped taxation and such assessment shall have the same force and effect as it would have had if it had been made in the year in which the property shall have escaped taxation, and taxes shall be levied and collected thereon in like manner and together with taxes for the current year in which the assessment is made. * * * ”