WHITE, JOSEPH S., Associate Judge.
In this case plaintiff in the lower court has appealed from a final judgment for defendant entered upon the latter’s motion for judgment on the pleadings.
In its complaint plaintiff charged that it had rented an airplane to the defendant and that through negligent conduct defendant damaged the plane. Defendant’s answer denied the allegation of negligence, and in addition set up an affirmative defense by the following allegations:
“2. That it was at the time and place of the rental and the accident complained of, the custom and practice in the State of Florida for the hull insurance coverage on the aircraft to inure to the pilot-lessee who through his own simple negligence damages the aircraft and
“3. It was the intentions of the parties in the rental contract in this case relying upon the industry custom in the State of Florida that the hull insurance coverage would inure to the benefit of the pilot-lessee-bailee in the event of damage to the aircraft due to simple negligence of the pilot-lessee-bailee * * *.
“4. By reason of the foregoing, the custom and practice and the intent of the parties involved are incorporated and become an integral part of the contract as between the parties, and as a result of the foregoing, the plaintiff is estopped to complain damages as against the defendant.”
Defendant then moved for judgment on the pleadings and at the hearing on this motion counsel for the parties stipulated that the airplane in question was covered by hull collision insurance and that the insurance company having paid the loss, less the deductible portion thereof, the insurance company was the real party in interest and was seeking to enforce its alleged sub- *345 rogation rights provided for in the contract of insurance, the parties further stipulating that a copy of such insurance policy could be admitted into evidence and considered by the court. The lower court, relying upon the case of Tursair Executive Aircraft Services, Inc. v. United States, 5 Cir. 1967, 383 F.2d 381, entered final judgment for the defendant.
The case at bar illustrates the improper use of a motion for judgment on the pleadings. See Butts v. State Farm Mutual Automobile Insurance Co., Fla.App. 1968, 207 So.2d 73. The issue of “custom and usage” as brought in by defendant’s answer was new matter. Since no responsive pleading was required such new matter was considered automatically denied under Rule 1.110(e) RCP, 30 F.S.A. In passing upon the defendant’s motion for judgment on the pleadings the allegations of the answer which are denied must be taken as false. Butts v. State Farm Mutual Automobile Insurance Co., supra. This would operate to defeat the motion since the burden of proof in regard to the affirmative defense was upon the defendant. Davis v. Davis, Fla.App.1960, 123 So.2d 377.
The Tursair case, upon which the lower court relied in entering judgment for the defendant, does not aid the defendant at this stage of the proceedings. That case was decided at the trial court level upon issues of fact, D.C.S.D.Fla.1966, 256 F.Supp. 545, the Federal District Court finding upon the evidence before it that it was “the custom and practice in and about the State of Florida for the hull insurance coverage on an aircraft to inure to the benefit of the pilot-lessee who through his own simple negligence damages the aircraft.” The Fifth Court of Appeals affirmed on the narrow holding that the trial court was not clearly erroneous in finding that a trade usage existed in Florida, including the Miami area, whereby a fixed base operator assumed the risk of damage to a negligently operated rented aircraft, which by implication was incorporated in the rental agreement. A factual finding in the Tursair case that such custom and usage existed at that time and place does not settle the present controversy because the question of “custom and usage” alleged in defendant’s answer and deemed false for the purpose of hearing on defendant’s motion for judgment on the pleadings, remains an issue of fact to be proved by the defendant.
The judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.
REED and OWEN, JJ., concur.