CARROLL, Judge.
These appeals were filed by defendants below from a judgment against them for damages, entered upon a jury verdict, in a consolidated trial of four actions. In one of the actions the plaintiff-appellee (as a purchaser) sought damages against Palm Town & County Motel, Inc. (as the seller), for breach of contract for sale of a motel property. In others the plaintiff sought damages in tort, alleging conspiracy of the defendants to interfere with plaintiff’s contract, bringing about the refusal of the seller to perform. The appellants presented a number of contentions, claiming the court erred in consolidating the cases for trial, and in certain rulings made during trial. We have given those contentions consideration in the light of the record and briefs, and conclude that no harmful error was shown, and that the verdict and judgment were supported by competent substantial evidence.
In appeal No. 69-938, filed by N. G. Godshall, he contends the trial court erred in denying his motion to quash the substituted service which was obtained upon him under § 48.181, Fla.Stat., F.S.A., as having engaged in business or a business venture, in Florida, out of which the action arose.
Upon being so served in a prior action in which the same parties were involved, Godshall similarly challenged substituted service and an order was entered there granting his motion and quashing the service. In the present action Godshall moved to quash service on the ground that the order in the prior case was res judicata, and alternatively contended he had not been doing business in the state so as to entitle substituted service to be made upon him under the cited statute.
The trial court denied Godshall’s motion to quash, and held that substituted service upon him had been made properly. As pointed out by the appellee, the contention of res judicata was properly rejected by the trial court for the obvious reason that nowhere, in the motion to quash or otherwise, did Godshall allege or establish that the complaint in the earlier case involved and declared upon the same cause of action. See 120 A.L.R. 8, 140. That omission was fatal to the contention of res judicata as to the question of jurisdiction over Godshall in this case. This is so because substituted service under the statute depends not only upon whether the nonresident did business in the state, but upon whether the action in which he is served is one that declares on a matter which arises out of or is incidental to the business done.[1] Nor would estoppel by judgment apply, with reference to service under the statute, in the absence of a showing that the issue of doing business in Florida not only was tried in the prior case, but was related there to the cause of action asserted here, as required by § 48.181.
Regarding Godshall’s alternative contention that the substituted service should be quashed because he had not done business in Florida, it was disclosed that Godshall had negotiated in Florida a purchase of the motel property some time previously, and had formed a Florida corpora *797 tion into which he caused the title of the property to be placed when purchased; that he became the sole stockholder thereof, and as the principal officer directed the corporation’s activities to and including the making of a contract for sale of the motel. While we agree with the contention of the appellant that a nonresident officer of a corporation acting as such for a corporation which does business in Florida may not himself be doing business individually in Florida within the meaning of the statute in question, nevertheless, on viewing the transaction in its entirety it appears that the acquisition, operation and disposal of the motel property in Florida amounted to doing business or a business venture by Godshall, sufficient to justify the trial court in sustaining the substituted service upon him under § 48.181.
Affirmed.

. With Godshall’s motion to quash substituted service in this case there were submitted copies of the motions and supporting affidavit filed in the earlier case, but the complaint in the earlier case, which was essential for the reason set out in this opinion, was not presented in the record of this case by submitting the original or a copy thereof, nor did the motions and affidavit show or allege its contents. The contention of the appellant Godshall that the trial court could take judicial notice of the contents of the complaint in the other case is without merit. The rule established by the Florida decisions is that a trial court is not authorized to take judicial notice of the records in a different case pending or disposed of in the same court but outside the record of the case before that court. See Kostecos v. Johnson, Fla.1956, 85 So.2d 594; City of Coral Gables v. Brasher, Fla.App.1961, 132 So.2d 442; Gann v. Levitt & Sons of Florida, Inc., Fla.App.1965, 193 So.2d 200; Novack, v. Novack, Fla.App.1967, 196 So.2d 499.