CARROLL, Judge.
This appeal is by the plaintiffs below from an adverse judgment on a counterclaim, entered upon granting a motion of counter-claimant for judgment on the pleadings relating to the counterclaim.
The appellants filed an action against the appellee Harriet Gluckman for replevin of a diamond ring valued at $6,500. A motion of the defendant Gluckman to dismiss the complaint was denied. The defendant answered, denying the allegations of the complaint, and, for affirmative defenses averred the ring had been given to her by Edward Gottehrer, by then deceased,[1] and that prior to the filing of the replevin action she had sold the ring, upon instructions from Gottehrer to do so. The defendant *34 further averred the ring had been pledged by the plaintiffs to Gottehrer for a loan to them by him of $3,500.
Included in the answer of the defendant Gluckman was a counterclaim, alleging the plaintiffs had not paid or offered to repay the loan for which the ring had been pledged; that plaintiffs had conspired to defame the defendant by making known they would have the counter-plaintiff deported; that plaintiffs had caused a warrant to be issued for the arrest of the defendant charging her with larceny of the ring, resulting in arrest of the defendant; that the charge had been dismissed by a justice of the peace (attaching a copy of the transcript of the hearing before the peace justice) ; that such action by plaintiffs was “done wantonly and maliciously and without probable cause,” as an effort to coerce a return of the ring. The counterclaim prayed for damages based thereon.
By answer to the counterclaim the plaintiffs denied the allegations of the counterclaim, thereby placing in issue the material allegations thereof that the criminal process had been caused to be issued by the plaintiffs with malice and without probable cause.
With the benefit of the evidence represented by the record of the proceedings before the peace justice, the defendant Gluck-man moved for summary judgment on her counterclaim. That motion was denied.
Thereafter the counterclaimant Gluck-man moved for judgment on the pleadings. That motion was granted and a partial summary judgment on liability was entered in favor of the counterclaimant Gluckman against the counter-defendants Michael Pelle and Linda Pelle, his wife, with jurisdiction reserved for subsequent determination of damages to be awarded to the coun-terclaimant.
Among the elements necessary to be established in order to succeed in an action for malicious prosecution are the absence of probable cause and the presence of malice. Kest v. Nathanson, Fla.App.1969, 216 So.2d 233, 235; Silvia v. Zayre Corporation, Fla.App.1970, 233 So.2d 856, 858. Here, by denials in the answers to the counterclaim, the material allegations of malice and want of probable cause were placed in issue, so as to require proof thereof by the counterclaimant. Town of North Miami v. State ex rel. Watson, 156 Fla. 340, 22 So.2d 762.
Rule 1.140(c) FRCP, 30 F.S.A., provides for motions for judgment on the pleadings as follows: “After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.”
On consideration of a motion for judgment on the pleadings, the facts shown by the pleadings control, and in determining such facts all allegations of the moving party which have been denied are taken as false. Paradise Pools, Inc. v. Genauer, Fla.App.1958, 104 So.2d 860, 861; Storer v. Florida Sportservice, Inc., Fla.App.1959, 115 So.2d 433; Greater Miami Telephone Answering Service v. A-1 Answering Service, Fla.App.1962, 141 So.2d 619; Butts v. State Farm Mutual Automobile Ins. Co., Fla.App.1968, 207 So.2d 73, 75; Homer v. Connecticut General Life Ins. Co., Fla.App.1968, 211 So.2d 250; 25 Fla.Jur., Pleadings § 129.
We hold, therefore, it was error to grant the motion of the counterclaimant Gluck-man for judgment on the pleadings, and the judgment appealed from is reversed.

. The “estate of Edward Gottehrer” intervened in the replevin action. Rulings relating to the replevin action are not involved on this appeal.