307 So.2d 240 (1975)
BERGERON LAND DEVELOPMENT, INC., a Florida Corporation, Appellant,
v.
Frank KNIGHT et al., Appellees.
No. 74-529.
District Court of Appeal of Florida, Fourth District.
January 31, 1975.
Steven Squire of Miller & Squire, P.A., Fort Lauderdale, for appellant.
Rollo E. Karkeet, Miami, for appellees.
DOWNEY, Judge.
Appellant filed its complaint against appellees Frank Knight, Nelio Oramas, and Monico, Inc., to impress a constructive trust upon certain real property in Broward County.
The individual appellees filed motions to dismiss which were granted with leave to file an amended complaint. The corporate defendant, Monico, Inc., filed an answer containing a general denial and an affirmative defense of res judicata. The court then granted a motion for judgment on the pleadings filed by Monico, Inc., finding *241 that the issues between appellant and Monico, Inc., had been previously litigated in another case in the Circuit Court of Broward County, thus rendering said issues res judicata. No evidence was offered (nor could it properly be) at the hearing on the motion for judgment on the pleadings. Thus, it appears the court purported to take judicial notice of the pleadings, issues, and adjudication in another case lately pending in the same circuit.
Two well known rules control our decision on this appeal. When one party moves for a judgment on the pleadings, the court (for the purpose of the motion) must accept as true all well-pleaded allegations (affirmative and negative) of the nonmoving party. Greater Miami Tel. Answer. Serv. v. A-1 Answer. Serv., Fla.App. 1962, 141 So.2d 619; Kendall Flying School, Inc., v. Robertson, Fla.App. 1969, 225 So.2d 344. The second rule is that "the trial court is not authorized to take judicial notice of the records in a different case pending or disposed of in the same court but outside the record in the case before him." Kostecos v. Johnson, Fla. 1956, 85 So.2d 594; Novack v. Novack, Fla. App. 1967, 196 So.2d 499; duPont v. Rubin, Fla.App. 1970, 237 So.2d 795. In order to prove some matter contained in the record of a case other than the one being litigated, a party must offer the other court file or certified copies of portions thereof into evidence in the case then being litigated. The improper judicial notice in the present case has harmed appellant prejudicially since there is no way for this court to determine the propriety of the trial court's conclusion as to the effect of prior litigation on the rights of the parties in the present controversy. The present case is thus distinguishable from Mennella Plastering, Inc., v. Adobe Brick And Supply Co., Inc., Fla. 1973, 273 So.2d 1.
The trial court erred in granting the motion for judgment on the pleadings filed by appellee Monico, Inc. Since the cause must be returned for further proceedings, the trial court is directed to reinstate the lis pendens expunged by order of March 27, 1974, and allow appellant to file an amended complaint against all of the defendants if it be so advised.
Reversed.
WALDEN and MAGER, JJ. concur.