318 So.2d 226 (1975)
Agnes MASZEWSKI, Appellant,
v.
John PISKADLO, Appellee.
No. 73-1018.
District Court of Appeal of Florida, Second District.
July 25, 1975.
*227 W.K. Zewadski of Zewadski & Smith, St. Petersburg, for appellant.
Joan LoBianco Walker, St. Petersburg, for appellee.
McNULTY, Chief Judge.
Appellant, an 83-year-old married woman, seeks enforcement of a contract under which she claims a right to reside in a house in which appellee, a 79-year-old widower, owns a life estate. The trial judge entered a final judgment on the pleadings in favor of defendant-appellee and this appeal ensued. We affirm.
The question herein is the enforceability of the alleged contract. The trial judge determined that it was unenforceable for three reasons. We need only consider one, however, that relating to the lack of mutuality of obligation.
The facts are these. In 1966 the appellant was "enticed," it is said, by appellee and induced to leave her apartment and move in with him in a house which, at that time, he owned in fee simple. On April 19, 1967 appellee deeded fee simple title to appellant reserving a life estate. That deed was recorded on the same day. The parties continued living together until some time in 1970 when the relationship between them became strained. Sometime during that year appellant allegedly attempted to leave the premises but in a spirit of apparent reconciliation appellee requested that she remain. Illustrative of this reconciliation the "agreement" sued upon herein was entered into on the 4th day of June, 1970. The parties thereafter continued living as they had been until 1973 when appellee changed the locks and dispossessed appellant. This action followed.
*228 The agreement sued on first recites the aforesaid deed of April 19, 1967 and recognizes the respective freehold interests of the parties. The provisions directly pertinent to this action then followed:
"It is mutually agreed by and between the parties hereto that during the remainder of their lifetimes, they shall live together in harmony in the above described residential premises. Neither shall have the right to dispossess the other from these premises.

"However, should either desire to separate, there shall be no inhibition against one of the parties on his or her own volition from separating from the other and leaving said premises." (Italics ours.)
At first blush it might appear that this exchange of promises not to dispossess one another is sufficient consideration; but it's illusory. To begin with, appellee gave up the right to dispossess appellant but appellant gave up nothing since, appellee being a life tenant, appellant couldn't have dispossessed him in the first place. There was nothing, therefore, to support his promise.
Additionally, while appellant alleges in her complaint that in consideration for that promise on appellee's part she forebore leaving the premises when she had a right to leave, she is estopped from establishing that fact under the parol evidence rule because she expressly reserved the right to leave at anytime under the terms of the written agreement she's suing on.[1] The sum total of the agreement, then, is that he can't dispossess her but she is free to go at anytime. He has nothing to enforce.
We are of the opinion, therefore, and so hold, that the contract sued on is void for lack of mutuality of obligation and thus unenforceable. Accordingly, the judgment appealed from should be, and the same is hereby, affirmed.
HOBSON, J., concurs.
SCHWARTZ, ALAN R., Associate Judge, dissents with opinion.
SCHWARTZ, ALAN R., Associate Judge (dissenting).
The plaintiff, an 83-year-old married lady, appeals from a final judgment on the pleadings rendered against her in an action for the alleged breach of a 1970 written contract between her and the defendant, a 79-year-old widower, under which he agreed to permit her to live in a house in which he retained a life estate, after his having deeded the fee to her.[1]
The complaint affirmatively alleged that the consideration for the contract consisted of the plaintiff's agreement, at the defendant's request, not to leave the home in which they had been residing together since 1966. The contract provided that the parties were to live in harmony together there for the remainder of their joint life-times, and that neither could dispossess the other. However, it was alleged that Mr. Piskadlo had breached the agreement in 1973 by evicting Mrs. Maszewski from the premises.
*229 After the defendant answered, denying most of the allegations of the complaint and raising what were characterized in the pleadings as "affirmative defenses" to the effect that a) the contract was void for lack of consideration; b) it was unenforceable as illegal and contrary to public policy and c) the defendant had the right to occupy the premises pursuant to his retained life estate, he moved for judgment on the pleadings in his favor. The trial judge granted the motion and entered judgment upon three separate grounds: 1) that the contract provided merely for a "mutual exchange of love and affection and is devoid of any contractural relationship enforceable in a court of law;" 2) that since it provided for the cohabitation of a married woman and an unmarried man it violated "the public policy of this State and [was] therefore void and unenforceable" and 3) that the plaintiff's failure to file a reply to the "affirmative defenses" under Rule 1.110(e), Fla.Rules Civ.Proc., resulted in their having been admitted. I would hold that none of the assigned grounds justifies the determination below and, therefore, would reverse the judgment for determination of the case after a trial on the merits of the issues presented.
On a motion for judgment on the pleadings under Rule 1.140(c) the truth of the allegations of the party opposing the motion, in this case, the plaintiff's complaint, must be assumed, Pelle v. Gluckman, Fla. App.3d 1972, 269 So.2d 33, 34. Statements in the pleading of the movant, here, the answer, are deemed to be untrue. City of Pompano Beach v. Oltman, Fla.App.4th 1969, 228 So.2d 610. The essential question before us, then, is whether the complaint states a cause of action for the relief sought against the defendant, Butts v. State Farm Mut. Auto Ins. Co., Fla.App.3d 1968, 207 So.2d 73. Applying these tests, it seems clear that an action upon the contract involved here is, on the face of the pleadings, barred neither by lack of consideration nor by its alleged violation of the public policy of the State, as statutorily or judicially expressed.
As has been pointed out, the complaint (perhaps unnecessarily, since lack of consideration is an affirmative defense which should be raised in the answer under Rule 1.110(d), Biro v. Geiser, Fla. 1967, 199 So.2d 461), specifically states the consideration allegedly involved, the plaintiff's agreement not to do what she had a legal right to do  move out of the home at the time of the parties' agreement. There can be no doubt that this "forebearance," undertaken at the defendant's request and for his benefit, constitutes a legally cognizable consideration for the defendant's promise, in return, not later to kick the plaintiff out of the home against her will during their mutual lifetimes. Boymer v. Birmelin, Fla.App.3d 1969, 227 So.2d 358, 362, and cases and authorities cited; Valparaiso v. Long, Fla.App.1st 1962, 141 So.2d 334; State v. Lum, 95 Conn. 199, 111 A. 190 (1920). The fact that the terms of the contract itself do not recite this claimed consideration is immaterial; there is no requirement that they do. 1 Corbin on Contracts, 2d ed. 1963, § 120, p. 517.
I cannot agree with the Court's conclusion that the parol evidence rule precludes the plaintiff from demonstrating that this consideration existed. Mrs. Maszewski's forebearance, which allegedly preceded and induced the agreement, is not at all inconsistent with or contrary to its express terms. Since this is true, as the Court said in Asphalt Paving, Inc. v. Ulery, Fla.App. 1st 1963, 149 So.2d 370, 377:
"Parol evidence of such a transaction is admissible, even when it shows a different consideration than that recited in an instrument. See 1 Restatement of Contracts, Sec. 82, page 93."
Accord: Mallard v. Ewing, 121 Fla. 654, 164 So. 674 (1936); Jackson v. Parker, 153 Fla. 622, 15 So.2d 451 (1943); Paradise *230 Beach Homes, Inc. v. South Atlantic Lumber Co., Fla.App.1st 1960, 118 So.2d 825, 827; Wise v. Quina, Fla.App.1st 1965, 174 So.2d 590, 596-597.
Nor does it affirmatively appear that the contract is an unlawful one. It is well-established that courts will not, unless the contrary clearly appears, presume that apparently proper agreements are either entered into for illegal or immoral purposes or are to be performed in that manner. E.g. Diversified Enterprises, Inc. v. West, Fla.App.2d 1962, 141 So.2d 27; Cunningham v. Weatherford, 159 Fla. 864, 32 So.2d 913 (1947); Inter-Continental Promotions, Inc. v. MacDonald, 5 Cir.1966, 367 F.2d 293, 301-303. Without in any way deprecating the hopeful and encouraging results of recent investigations into "sex and the senior citizen," it certainly cannot be said the contract between these parties necessarily, as the answer claims, requires a violation of F.S. § 798.01 which forbids living in an open state of adultery, but the violation of which requires not only that the parties share the same home, but that they engage in acts of intercourse as well. Grice v. State, 75 Fla. 751, 78 So. 984 (1918); see especially Cunningham v. Weatherford, supra, in which the Supreme Court refused to presume that a 76-year-old man had improper purposes in mind when he agreed to pay a youthful lady $20,000 at his death in return for living in his home and caring for him while he lived.
The appellee also argues that the contract is unenforceable as one in derogation of the marriage between Mrs. Maszewski and her husband. It is contended that her going to live permanently with Mr. Piskadlo would inevitably result in her marriage with Mr. Maszewski being or becoming "irretrievably broken." F.S. § 61.052 (1)(a). We may assume that the public policy of the State, which favors marriage and which is expressed through judicial decisions which refuse to enforce agreements which facilitate divorce or which impair the security of the marriage relation, see Frohock v. Frohock, 117 Fla. 603, 158 So. 106 (1934); Posner v. Posner, Fla. 1970, 233 So.2d 381; Simpson, Law Of Contracts, § 218, p. 445, is just as viable even though divorce is now dissolution and even though only the irretrievably broken nature of the marriage is now pertinent. But there is nothing on the face of these pleadings which requires a determination that this contract would promote the dissolution of the Maszewskis' marriage. It may be  in fact it seems more than possible  that the marriage was already irretrievably broken at the time that the plaintiff made her agreement; it may be that the agreement had no effect upon her relationship with her husband or their willingness or desire to remain married. The point is that the issues will have to await proof as to the particular effect of the alleged agreement upon the particular relationships between and among these particular persons. It was improper to assume the worst as a matter of law and resolve the question of unenforceability upon the face of the pleadings alone.
Finally, the plaintiff's failure to "reply" to the defendant's self-styled "affirmative defenses" makes no difference. The "defenses" were not sought to be "avoided" but were rather "denied" by the plaintiff  in the case of lack of consideration, by specific anticipatory allegations in the complaint. Thus the terms of the archaically phrased rule in question, Rule 1.110(e), which requires a reply only in the case of "avoidance" never came into play. Moore Meats, Inc. v. Strawn, Fla., 1975, 313 So.2d 660, see Trawick, To Reply or Not to Reply, Fla.Bar Journal 702 (Dec. 1973).
NOTES
[1] We footnote here the distinction between establishing consideration by parol and modifying or contradicting the terms of a written instrument by parol. Consideration may be established by parol, of course; but if the written instrument expressly speaks to consideration or any facet of its parol is inadmissible to contravene it. See, e.g., 13 Fla. Jur. Evidence §§ 395-6.
[1] It will come as no surprise to a student of the appellate process, who has the time and energy to read this opinion and note its length and tone, for the author to reveal that it was originally prepared as an opinion for the Court. Subsequently, "we hold" was changed to "I would hold;" and an additional paragraph was added to rebut the basis of the majority opinion  thus does a noble contribution to the law of Florida fade into an unheeded cry from the wilderness.