GLICKSTEIN, Judge.
This is an appeal by the plaintiff from a final judgment of involuntary dismissal. We reverse and remand.
We shall address only the first of two issues raised herein, for by itself it is dis-positive. That issue is whether the trial court erroneously imposed upon the out-of-state attorney/plaintiff the burden of proving that he had been authorized by the Florida trial court in another county to represent certain parties in a series of criminal cases there.
In resolving this issue, we find it significant that in the present action brought by the attorney/plaintiff, he was not claiming breach of an employment contract, quantum meruit or contract implied in fact. The action started out as a simple foreclosure of a mortgage on real property and of a security lien on a beverage license. It was the two defendants here who alleged, by respective affirmative defenses and counterclaims, that the plaintiff/appellant, a Georgia lawyer, had not been authorized by the trial court to represent parties in Florida criminal proceedings. Having alleged it, the defendants had the burden of proving it.[1]
When this matter came on for trial, plaintiff’s counsel, in proving up the foreclosure action, for reasons unknown to us in light of the nature of this action, went into considerable detail as to the underlying services his client rendered in a criminal case, generating the attorneys’ fee which was secured by the mortgage and the beverage license. Further, although the plaintiff’s *894 impressive credentials — summa cum laude and Phi Beta Kappa at Dartmouth as an undergraduate and magna cum laude at Michigan as a law student — were ' discussed, none of the documents to establish a prima facie case were apparently introduced.[2] The case went irretrievably off course, in our opinion, when, during this lengthy questioning by plaintiffs counsel about the services rendered by the plaintiff, McFarland’s attorney objected to any further testimony along those lines and moved to strike the testimony regarding the services in the absence of a predicate. For the next forty pages, the transcript of the trial is taken up with what the plaintiff and his local counsel did in the criminal cases in Lee County, including the filing of written motions to appear pro hac vice, and discussion of the effect of the absence of written orders on those motions from the various trial judges presiding over the assorted multi-defendant drug cases. The plaintiff testified unsuccessfully that the judges had issued verbal orders; and his local counsel’s corroborative testimony was proffered. The defendants’ objections as to best evidence and hearsay were sustained. There was discussion as to public policy and mention of a possible misdemeanor, leading one to consider whether the plaintiff could still make the last stage out of town and forget the recovery. Finally, the trial judge announced that the plaintiff had failed to make a prima facie case of licensure or authorization to practice law in Florida; and that without such showing, the underlying contract was viola-five of the state’s public policy.[3] He then granted the defendants’ motion for involuntary dismissal.
We believe the shifting of the defendants’ burdens of proof of their respective affirmative defenses and counterclaims to the plaintiff to establish his licensure during his case in chief in a foreclosure action — in contrast to an action to recover an attorney’s fee based on a contract — compels reversal. See Cunningham v. Weatherford, 159 Fla. 864, 32 So.2d 913 (1947).[4]
Further, we disagree that the Lee County judges’ verbal pronouncements were hearsay when the inquiry was not as to the truth of the statements, but merely whether the statements were made. In such instance, given the murkiness of the area under discussion,[5] a hearsay objection is unavailing. See Pauline v. Lee, 147 So.2d 359 (Fla. 2d DCA 1962); C.W. Ehrhardt, Florida Evidence, § 801.5 (1977). We also fail to see the applicability of the best evidence rule — as codified in Section 90.952, Florida Statutes (1981) — to such pronouncements. See C.W. Ehrhardt, Florida Evidence, Best Evidence Rule, § 952.1 (1977).
We reverse the involuntary dismissal and remand for further proceedings.
HURLEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. During pre-trial preparation, the plaintiff’s attorneys served the following request for admission upon the defendant, McFarland:
24. That plaintiff, JAMES K. JENKINS, was duly authorized by the Circuit Court in and for Lee County to proceed pro hoc vici [sic] in the representation of A.L. Gillen and others.
She replied:
(24) I have no knowledge and therefore deny. Florida Rule of Civil Procedure 1.370(a) provides in part:
An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.
The record does not reflect an order requiring McFarland’s compliance with the rule.

. The trial court had previously entered a partial summary judgment, finding that the defendant, Gillen, had executed and delivered to the plaintiff the subject mortgage and underlying note.

. The record reveals that after the trial, the plaintiff obtained written orders from the trial court in Lee County, dated after the trial hereof, attesting to his having been authorized to represent the defendants in the criminal cases.

. Moreover, we could better understand all of the concern about licensure if the defendants had established no effort by the plaintiff to become admitted by the court in Lee County for the limited purpose of representing alleged drug smugglers there. The present epidemic of drug trafficking throughout the country has transformed the previous local practice of criminal law to one of typical interstate appearances. It is as common for a Florida lawyer to defend alleged smugglers in North Carolina as it is for a Georgia lawyer to do the same in any Florida county that has a beach or an airstrip. Today’s successful criminal defense counsel could appropriately christen his wings or fins "Pro Hac Vice."

.Fraser, Hearsay and the Truth of the Matter Asserted: An Evidentiary Island, 58 Fla.B.J. 94 (1984).