515 So.2d 419 (1987)
Mildred M. YUNKERS, As Personal Representative of the Estate of Lee E. Yunkers, Deceased, Appellant,
v.
Edna YUNKERS, Appellee.
No. 87-466.
District Court of Appeal of Florida, Third District.
November 17, 1987.
Peter Kneski, Miami, for appellant.
Mark D. Gilwit, Miami, for appellee.
Before HENDRY, FERGUSON and JORGENSON, JJ.
PER CURIAM.
In this appeal the plaintiff challenges the trial court's entry of judgment on the pleadings in favor of the defendant/counterclaimant/third party plaintiff.
In April, 1984 plaintiff Mildred Yunkers, as Personal Representative of the Estate of Lee Yunkers, deceased, filed a complaint against defendant Edna Yunkers, the decedent's mother, alleging that she had through fraud or undue influence extracted the sum of $15,000 from Lee Yunkers and converted to her use his automobile a short time prior to his death. Edna Yunkers filed an answer denying the allegations of the complaint and representing that any monies she received from the decedent were for payment of debts owed to her and that the automobile was a gift. She also filed a counterclaim alleging that as a result of a contract she had entered into with Lee Yunkers, the conditions of which the personal representative had failed to perform, she was entitled to sole and absolute ownership of Hialeah Vent and Wire Products Company, Inc. (Hialeah Vent). The relief sought in the counterclaim was money damages, as well as a transfer of the corporation's assets and income from the date of the alleged agreement. Edna Yunkers additionally filed a third party complaint against Hialeah Vent seeking specific performance of an alleged agreement for a transfer to her of all right, title and interest in the corporation. Following the filing of the personal representative's answer to the counterclaim, Edna Yunkers moved for judgment on the pleadings on *420 her counterclaim and the motion was denied.
In September, 1986 the personal representative, through newly substituted counsel, moved to strike both the counterclaim and third party complaint or alternatively, for judgment on the pleadings on the ground that neither pleading had attached the referred to agreements upon which Edna Yunkers' claims were based. Edna Yunkers subsequently filed a "Motion for Rehearing for Judgment on the Pleadings." This motion and accompanying memorandum of law contended that judgment on the pleadings should be entered in favor of Edna Yunkers because the personal representative's answer had not denied paragraph 6 of the counterclaim, among others. Paragraph 6 alleged that as a result of an purported agreement on May 4, 1983 between Edna Yunkers and Lee Yunkers, Edna Yunkers was the sole and absolute owner of Hialeah Vent. The personal representative had, however, denied the existence of the alleged agreement in its answer to paragraph 5 of the counterclaim. Edna Yunkers further argued in her motion that the personal representative improperly sought to rely upon an affirmative defense  failure to produce the contracts at issue  which was waived because it was not raised in her answer to the counterclaim.
The court granted the personal representative's ore tenus motion to amend her answer to the counterclaim, stating that it appeared that the failure to answer paragraph 6 was inadvertent. An amendment was filed, denying paragraph 6. Additionally, the personal representative stated in a memorandum of law supporting her motion for judgment on the pleadings that Edna Yunkers had responded to a request to produce the alleged agreements by filing an unexecuted written agreement which was to be signed by Lee Yunkers, but was not. It was further contended that the instrument produced was to have been executed by only Lee Yunkers; that at best, it evidenced an intent to make a gift; and that such a gratuitous promise, unaccompanied by consideration other than love and affection, was not binding or enforceable as a contract.
On January 22, the trial court entered the order under review granting judgment on the pleadings in favor of "counterplaintiff" Edna Yunkers and directing that all right, title and interest in Hialeah Vent, and all its assets, be transferred to Edna Yunkers. This appeal followed.[1]
In ruling on a motion for judgment on the pleadings material allegations of the moving party which have been denied are taken as false. Krieger v. Ocean Properties, Ltd., 387 So.2d 1012 (Fla. 4th DCA 1980); Pelle v. Gluckman, 269 So.2d 33 (Fla. 3d DCA 1972); Homer v. Connecticut Gen. Life Ins. Co., 211 So.2d 250 (Fla. 3d DCA 1968), cert. discharged, 220 So.2d 361 (Fla. 1969). Conclusions of law also are not deemed admitted for purposes of the motion. Miller v. Eatmon, 177 So.2d 523 (Fla. 1st DCA 1965); Paradise Pools, Inc. v. Genauer, 104 So.2d 860 (Fla. 3d DCA 1958). The court must accept as true all well-pleaded allegations of the non-moving party. Bergeron Land Development, Inc. v. Knight, 307 So.2d 240 (Fla. 4th DCA 1975); Homer, 211 So.2d at 251. Judgment on the pleadings can be granted only if, on the facts as admitted for purposes of the motion, the moving party is clearly entitled to judgment. Krieger, 387 So.2d at 1013-14; Miller, 177 So.2d at 524; Paradise Pools, 104 So.2d at 861.
In the instant case it is clear that issues raised by the pleadings as to whether an agreement was entered into between Edna and Lee Yunkers which supported the claims for relief in the counterclaim and third party complaint and as to the enforceability of such agreement precluded judgment on the pleadings. The allegation of an agreement between Edna and Lee *421 Yunkers was denied by the personal representative's answer and amended answer, and therefore is to be taken as false. Additionally, this allegation includes a conclusion of law as to the enforceability of the alleged contract, which conclusion is not deemed admitted for purposes of the motion. Moreover, determination of these issues involves factual questions which can be resolved only by evidence outside the pleadings. Therefore, the pleadings are insufficient to support the entry of judgment thereon. We accordingly reverse and remand for further proceedings.
Reversed and remanded.
NOTES
[1] The plaintiff's complaint was pending before the trial court and the plaintiff had moved for summary judgment thereon on the date of entry of the order under review granting judgment on the pleadings. It appears, from the prefatory language of the order under review, as well as the terminology used therein to refer to the parties, that only the counterclaim and third party complaint were adjudicated thereby.